JAMES POWELL, Appellant, v. J. E. POWELL.

Division One, February 29, 1916.

1. VOLUNTARY PARTITION: Through Conduit.   The fact that all the heirs of the owner of land, which they had inherited from him, selected their mother as a mere conduit for the purposes of partition, by deeding it to her, to be by her deeded to them in severalty, did not affect the character of the voluntary partition, nor did the deed from her to them convey any title, but only designated the possessory boundary to the land they already owned.

2. ———: **Deed to Husband and Wife.** And a deed in voluntary partition by a conduit to a daughter of the deceased owner and her husband, though seemingly a deed by the entirety, did not vest the husband with the title to the land described in the deed; but upon the daughter's death the entire title descended to her children or her other heirs, since,. in spite of said deed, the entire title to the tract designated had been inherited by the daughter from said deceased owner.

3. ———: ———: **Money Paid to Equalize Interest.** A payment made by the husband of one of the coparceners to another coparcener for the purpose of equalizing the share of his wife,. did not convert the deed to him and her into a deed by the entirety; at most it made them tenants in common, but it did not have even that effect if it conveyed only the wife's share,. for a deed in voluntary partition does not convey the title; but that was cast upon the wife by descent.

4. ———: ———: **Estoppel.** Even though the wife directed that her husband's name be placed in the deed as grantee made in the voluntary partition of land inherited by her and others from her father, and he improved it with her knowledge,. neither she, nor her heirs after her death, are estopped to deny that he acquired any title by the partition deed.

5. ———: ———: **Limitation: Husband's Possession: Curtesy.** Prior to the amendment of the Married Woman's Act of 1889, the husband was entitled to the possession of the wife's land,. and that amendment did not change his possessory right already accrued. His wife could not maintain an action to oust him of his possession begun prior to 1889, nor could his children after her death, because immediately upon her death he became a tenant by the curtesy for life; but that possession cannot avail to invest title in him by limitations.

6. **QUIETING TITLE: Limitation: Time to Bring Suit.** No limitation is fixed by the statute (Sec. 650, R. S. 1889; Sec. 2535, R. S. 1909) in which a suit to quiet title must be brought. The ten-year Statute of Limitations does not apply. [Following Armor v. Frey, 253 Mo. 1. c. 474.]

Appeal from Dallas Circuit Court.—*Hon. C. H. Skinker*, Judge.

REVERSED AND REMANDED (*with directions*).

*O. H. Scott* and *L. C. Mayfield* for appellant.

(1) The deed from Angeline Patterson to defendant and wife was made to partition her father's

estate and the husband took no title thereby. Propes
v. Propes, 171 Mo. 407. She took by descent from her
father. Palmer v. Alexander, 162 Mo. 127. Her di-
rections to have the deed made to both her husband
and herself did not affect the title or estate. Propes
v. Propes, supra; Snyder v. Elliott, 171 Mo. 362;
Whitsett v. Wamack, 159 Mo. 14. (2) Although the
defendant may have paid $30 to equalize the shares
in the partition of the land (which we do not admit),
this would give him an interest at most as tenant in
common with his wife. There would be no survivor-
ship, and at her death, he would hold as a tenant in
common with his children and by curtesy. Harrison
v. McReynolds, 183 Mo. 533. And if only the wife's
interest in her father's estate was conveyed, as was the
fact, any payment made by the husband inured to the
wife's benefit. Hickman v. Link, 97 Mo. 493; Man-
ning v. Coal Co., 181 Mo. 359. Improving the wife's
land and paying the taxes thereon does not give the
husband any title or interest therein. Curd v. Brown,
148 Mo. 83; Woodard v. Woodard, 148 Mo. 241;
Boynton v. Miller, 144 Mo. 687. (3) Neither the Statute
of Limitations nor estoppel apply to this case. The
deed under which the defendant took possession was
made before the amendment to the Married Woman's
Act of 1889 and the husband was entitled to the exclu-
sive possession of the wife's land. Snyder v. Elliott,
171 Mo. 362; Manning v. Coal Co., 181 Mo. 359; Ar-
nold v. Willis, 128 Mo. 149; Flesh v. Lindsey, 115 Mo.
1. The husband's possession was the wife's posses-
sion; and she could bring no action against him, ab-
sent fraud or deception. There is no charge of fraud,
and therefore no "right of action" accrued to the
wife during her lifetime. At the wife's death the
husband became tenant by curtesy; and was and is
entitled to the exclusive possession of the land during
his lifetime, and no action for possession can be
brought by the heir, unless the husband should claim.

by hostile or adverse possession to the heir. This is not pleaded or proven in this case. Dyer v. Wittler, 14 Mo. App. 52; Miller v. Bledsoe, 61 Mo. 96; Manning v. Coal Co., 181 Mo. 359; Martin v. Castle, 193 Mo. 183.

*John S. Haymes* and *J. N. Miller* for respondent.

(1) Whether the deeds offered in evidence were executed to effect a voluntary partition of the land is to be determined by the testimony. (2) The evidence discloses a transaction amounting to more than the ordinary voluntary partition of land by co-tenants. At that time, husband and wife could deal with each other in equity, at least with respect to their properties. Tennison v. Tennison, 46 Mo. 77; Tillman v. Tillman, 50 Mo. 40; Chapman v. McIlwrath, 77 Mo. 46; Halferty v. Scearce, 135 Mo. 439; McBreen v. McBreen, 154 Mo. 330; Bower v. Daniel, 198 Mo. 320. The contract was made May 2, 1889, before the present married woman's law took effect. But a safer course still was followed in this case. The whole of the land was conveyed to a third party, who conveyed to defendant and his wife. Gibb v. Rose, 40 Md. 387. So the statute in reference to the husband and wife joining in the conveyance of the wife's land, was complied with. R. S. 1879, sec. 669. Both defendant and his wife intended that the deeds should convey title to defendant; and the intention controls. Perry on Trusts (2 Ed.), secs. 139, 140; Morris v. Clare, 132 Mo. 236; Higbee v. Higbee, 123 Mo. 287. A contract made between husband and wife in the friendly partitioning of the wife's, and other land, by which they are to become tenants by the entirety, will be enforced against the wife's heirs. Whittaker v. Lewis, 264 Mo. 208. In the pending case the contract was fully executed by the parties themselves. (3) If a cause of action ever existed, the Statute of Limitations is a complete bar thereto. All the facts were known to defend-

ant's wife, and his deed was of record, giving constructive notice (Hudson v. Cahoon, 193 Mo. 559), and if defendant occupied such relation to the land that he could have conveyed it to an "innocent purchaser," as plaintiff thinks he could, or otherwise wrongfully held title to it, although the wife of defendant, a cause of action arose in the wife's favor in 1886. Reed v. Pointer, 145 Mo. 341. The wife died in 1888, and there is no tacking of disabilities. Gray v. Yates, 67 Mo. 601; Robinson v. Allison, 192 Mo. 566. Plaintiff was barred in 1896, ten years after a cause of action accrued to the mother. R. S. 1909, secs. 1881, 1883; Reed v. Painter, supra; DeHatre v. Edmunds, 200 Mo. 246. This action was commenced July 13, 1912, and at that time any action accruing prior to July 13, 1888, was also barred by the twenty-four-year Statute of Limitations. DeHatre v. Edmunds, 200 Mo. 274. Again the statute under which the present action was brought, was enacted in 1897, and a cause of action accrued under it when it took effect. Garrison v. Fugate, 165 Mo. 40. Actions under this statute are barred in ten years. Haarstick v. Gabriel, 200 Mo. 244. But as plaintiff was a minor till May 30, 1905, and had three years free from disability in which to sue, the action was barred May 31, 1908. Plaintiff may have had no right of entry, but he had a right of action. Even if defendant did have a curtesy interest in the land, under the plain provisions of the statute (R. S. 1909, sec. 2535) under which the action was brought, "pending the life estate, the opportunity existed without any impediment whatever, of bringing suit." Hoester v. Sammelmann, 101 Mo. 624.

GRAVES, P. J.—Action by a son against the father to ascertain and determine title to eighty acres of land in Dallas County.

Counsel for appellant have made a very fair and a very succinct statement of the facts as follows:

"Thomas R. Patterson died on the 28th day of March, 1864, owning the real estate described in plaintiff's petition, with other lands. There survived him his widow, Angeline Patterson, and children, J. F. Patterson, T. B. Patterson, Sarah E. Patterson, Nancy A. Patterson and L. C. Patterson.

"L. C. Patterson died unmarried and without issue December 11, 1884, and the widow Angeline Patterson, died April 29, 1889.

"On the 18th day of February, 1886, all the heirs of Thomas R. Patterson, for the purpose of partitioning the land, deeded it all to their mother, who at once executed deeds to each heir.

"Nancy A. Patterson had married the defendant, J. E. Powell, and the deed from her mother was made to her and her husband.

"Nancy E. Powell died September 1, 1888; she left surviving, her husband, the defendant, and two children, the plaintiff and Ethel Powell, who died about a year afterward.

"The family were residing on the land at Nancy A. Powell's death and the defendant has ever since resided thereon.

"It is conclusively shown that the deed to defendant and his wife was made at the time the several deeds were made in partition of the Thomas R. Patterson land; and if defendant secured any title other than through the marital relation, it was purchased at the time of the execution of the deed. He says he paid $30 to Thomas R. Patterson, but it is not clearly shown why this was paid to Patterson. The land conveyed, defendant admits, was his wife's interest in her father's estate. It was worth about $350 or $400.

"Defendant also claims title because his wife desired that he be protected in the possession in the event

of her death; as he refused to go upon the land unless it was so arranged.

"Defendant also pleads the Statute of Limitations and estoppel.

"The judgment of the court found for defendant, and adjudged him vested with title in fee in the land."

Further details of the evidence can, if necessary, be stated in the opinion. Defendant claims the estate as the survivor under this deed by the entirety.

I. It is clear that the mother and widow, Angeline Patterson, was selected by the children and heirs as a mere conduit in their partitioning of the estate of the father. The fact of the deeds being

*Friendly Partition.* executed contemporaneously makes this clear, as does the evidence. It is also clear that the land conveyed to defendant and his wife was the portion of her father's estate coming to her and no more. The fact that the heirs in making the partition selected a conduit rather than deeding to themselves does not differentiate the case. Both methods would reach but one result, i. e., a partition of the land.

For the time being, leaving out of consideration the alleged payment of $30 by defendant at the execution of the deeds, the defendant's status as to this land has been firmly fixed ever since the very lucid and learned opinion of BRACE, P. J., in Whitsett v. Wamack, 159 Mo. 14. This case has been frequently reaffirmed since. In the Whitsett case it was held that the making of a deed to both husband and wife in the voluntary partition of lands in which the wife was a coparcener, conveyed no title to the husband. Such a deed it was held conveyed no title at all, but was a mere instrument of settling between the coparceners their respective possessions of land to which they already had the title. The title came to them by inheritance, and that title they always had. So, also, it is said that our statutory proceeding of partition conveys no title,

when the land is divided and allotted to the coparceners. Such proceeding only adjusts the different rights of the parties to the possession. Voluntary partition as is involved in this case has no greater effect. [Whitsett v. Wamack, 159 Mo. l. c. 23; Palmer v. Alexander, 162 Mo. 127; Propes v. Propes, 171 Mo. l. c. 416 et seq.]

In the Propes case, supra, it is said:

"The first point for consideration is, what is the legal effect of the partition deed from the other tenants in common to plaintiff, or to her and her husband for the land in question, conceding that it is a legal and valid instrument? Defendants insist that on its face it created in plaintiff and defendant Propes an estate by the entirety.

"A similiar question was before this court in the case of Whitsett v. Wamack, 159 Mo. 14, in which it was held that a deed of release or quitclaim made by two coparceners to a third and her husband in an effort at voluntary partition of their jointly-inherited estate conveys no title to the husband.

"In Palmer v. Alexander, 162 Mo. 127, the plaintiff and his sister made parol partition between themselves of the lands inherited from their father, but by mistake the deeds incorrectly described the lands. Thereafter she married, and to correct the mistake, new deeds were made, but in the deed to her, she and her husband were named as grantees, and on the theory that this deed created an estate by the entirety in them, after her death, plaintiff bought the land from the surviving husband, and it was held that the husband acquired no title to the land by the deed in partition, and therefore his deed to plaintiff conveyed none. That the lands were rightly the wife's by descent, having descended to her by operation of the statute, and the deed conveyed no title to her, but simply adjusted among the coparceners the right to several possession by metes and bounds.

"So in the recent case of Cottrell v. Griffiths, 108 Tenn. 191, the Tennessee Supreme Court held that a deed to the wife and husband as grantees, conveying her share of property in which she has an undivided interest, will vest in him no greater interest than if the deed were made to the wife alone. The same rule is announced in Davis v. Davis, 46 Pa. St. 342; Stehman v. Huber, 21 Pa. St. 260; Carson v. Carson, 122 N. C. 645.

"And this is so even if the deed in the case at bar was made to the plaintiff and her husband by her direction, as the grantors conveyed no part of their shares, and had no interest in the shares embraced in the deed to the grantees; it belonged to the wife by inheritance, and the title being already in her, the deed merely designated her share by metes and bounds in order that it might be held in severalty. [Harrison v. Ray, 108 N. C. 215; Yancey v. Radford, 86 Va. 638.]"

The direction of the wife to have the deed thus made to the husband as well as to herself does not change the situation. The statute relating to married women would require such a direction to be in writing at least. But the better reason is that the deed conveys no title and her direction to put his name therein does not change the character of deeds made in furtherance of voluntary partition. That her direction does not change the character of the deed has been expressly held in this State. [Propes v. Propes, 171 Mo. 1. c. 417; Snyder v. Elliott, 171 Mo. 362; Whitsett v. Wamack, 159 Mo. 14.] So that if we leave out of consideration the alleged payment of thirty dollars by the husband at the time the deeds were executed, it must be held that he acquired no title by the deed from the elder Mrs. Patterson. He had full knowledge of the purposes of that deed. His position might be different from that of a stranger, but he knew and admits in this record that Mrs. Patterson was a mere conduit through which the voluntary partition was

brought about. Unless sustainable upon some other ground the judgment *nisi* must be reversed.

II. We come now to the matter of the alleged payment of thirty dollars at the time of this voluntary partition. It is not claimed that the wife got more than her proportionate part of the estate. It is not clear for what reason this thirty dollars was paid, if paid at all. Defendant claims to have

**Equalizing Wife's Share.** paid the thirty dollars to Thomas Patterson, and to have paid it upon this land, but the purpose or reason for such a payment is not given. Whether it was paid to equalize the share of his wife with that of Thomas Patterson no where appears.

But upon no theory can this matter justify the judgment below. He could only be entitled to all of the land upon the theory that the deed created an estate by the entirety. In such case the payment of the thirty dollars neither adds to nor takes from his case. If he paid it to equalize the shares of his wife and Thomas Patterson, and that is the only imaginable purpose, it still avails him not. In this case only the wife's share was conveyed to the twain. Thomas Patterson's share was not conveyed to them. If these deeds performed the function merely of a voluntary partition, then they conveyed no title, as we have held, supra, and his payment of thirty dollars brought him nothing. Had he by this payment acquired and the deed conveyed to him and his wife a part or all of the portion of Thomas Patterson we would have a diffrent case, but this record shows no such case. But even in that case he would become nothing more than a tenant in common with the wife and not a tenant by the entirety. The evidence of this thirty dollar payment and its purpose is after all too vague for much speculation here.

III. Defendant next relies upon the doctrine of estoppel. The wife was not estopped upon any theory of the law. If we are correct in holding that this deed to him and his wife conveyed no title, but merely served as the voluntary partition of the land, then **Estoppel.** even though she directed his name to be placed therein, the land was the wife's by inheritance from the father, and not by virtue of the deed. If the land was hers, then although he improved it with her knowledge, she is not estopped thereby to assert her title. This question we have gone over in the case of Holman v. Holman, 183 S. W. 623, at this term of court. The cases will be found collated in that case. In the brief the defendant does not seriously press the matter of estoppel. This should be said in fairness to them.

IV. Nor does the Statute of Limitation avail him. The deed under which defendant and his wife took possession of this particular portion of her father's **Limitations.** estate was made prior to the amendment of the Married Woman's Act of 1889. At that time he was entitled to the full possession of his wife's lands. [Flesh v. Lindsay, 115 Mo. 1; Arnold v. Willis, 128 Mo. l. c. 149.] The husband's possession having accrued prior to the amendment of 1889, that amendment did not change his right. [Arnold v. Willis, 128 Mo. l. c. 150; Leete v. Bank, 115 Mo. 184.]

Being so entitled, the wife had no action for possession against him, and the son none, at least until the death of the mother, and not then because defendant at once became a tenant by the curtesy. There is no evidence in this record tending to show that the possession of the land as the husband of plaintiff's mother, or the possession subsequently as tenant by the curtesy, was such as to indicate a claim of ownership of the full title as against the heir. So that if we hold that the father is now a mere tenant by the cur-

tesy, it is clear that no action for the possession has ever accrued to the son, and none will accrue to the son until the father's death. In the Arnold case, supra, on page 149, it is said:

"Plaintiff's right to the possession of the interest of his wife in the lots accrued at the death of her mother, Mrs. Ricker, which terminated the lease from her son, John W., to her. As to when this occurred the evidence was very unsatisfactory, but some time, it seems, about the year 1884. When it did transpire, plaintiff, by virtue of his marital rights under the statute then in force, became entitled to the possession of the lots, his wife having the title in fee simple, and not as separate property, and he had the right to sue therefor in his own name. [Mueller v. Kaessmann, 84 Mo. 318, and authorities cited; Bledsoe v. Simms, 53 Mo. 305; Wilson v. Garaghty, 70 Mo. 517; Flesh v. Lindsay, 115 Mo. 1.]"

And on page 150 of the same case it is further added:

"The Married Woman's Act as it now stands, in so far as the marital rights of the husband to the possession of land belonging to the wife are concerned, materially changed his common-law rights, and, in legal contemplation, as completely deprived him of all right to the possession or control of the increase and profits, as if it belonged to some other person.

"But the fact that the right of plaintiff's wife to sue in her own name for her separate property was conferred upon her by the Revised Statutes of 1889, did not deprive him of a right already vested, that is, the right to the possession of the lots, from and after the death of Mrs. Ricker, at which time the right accrued. [Leete v. Bank, 115 Mo. 184.]"

If, therefore, we are right in holding that this deed made for the mere purpose of partition conveyed no title to the husband, then his possession to the death of the wife was one created by the marital relation,

but it was a legal right of the husband. His possession was not ousted by the amendment of 1889. The wife never had a right of action against him, and of course the son had none. Upon his death he became entitled to the full possession as tenant by curtesy, and this possession now continues.

V. Lastly it is claimed that the plaintiff is barred because he did not bring his action under the Act of 1897, old section 650, now section 2535, Revised Statutes 1909, within proper time.

"Plaintiff was a minor till May 30, 1905," as stated in respondent's brief. But we need not discuss this minority, nor the question of a tolling of a statute of limitation. This court in Armor v. Frey, 253 Mo. l. c. 474 et seq., has held that there was no limitation fixed for the bringing of an action under the original Act of 1897. In this case Roy, C., goes at length into the case law, and we are satisfied with his conclusion. What was said in Haarstick v. Gabriel, 200 Mo. l. c. 244, was not necessary to that case, and if the language could be construed as a declaration of law to the effect that the right to sue under old section 650 was barred in ten years it should be held to be *obiter*. What was there said was said by VALLIANT, J., *arguendo* upon a contention that the five-year statute applied. Our brothers in Division Two evidently so understood this language in promulgating the opinion in Brewster v. Land & Improvement Co., 247 Mo. l..c. 226. But whatever has been the previous notions of the court before, we are satisfied with the rulings in Armor v. Frey, supra. Under that holding there is nothing in this defense for the defendant. Under the facts of this case the plaintiff has the fee to this land subject only to the curtesy estate of the defendant. The court *nisi* should have so declared.

The judgment is reversed and the cause remanded with directions to the circuit court to enter up such

a judgment as above indicated. It is so ordered. All concur.

## ON MOTION TO MODIFY JUDGMENT.

GRAVES, P. J.—When this case was first written we adopted the statement of facts made by counsel for appellant, and in directing a decree we overlooked this statement of fact: "That Nancy E. Powell died September 1, 1888; that she left surviving, her husband, the defendant, and two children, the plaintiff and Ethel Powell, who died about a year afterward."

Considering this fact, when Nancy E. Powell died, the husband was possessed of a curtesy estate, and the fee passed to the two children. Upon the death of Ethel Powell her interest in the fee would pass to the brother and father in equal portions. We will, therefore, modify our original opinion so as to hold that the trial court should have found that the defendant had a curtesy estate in the whole of this land, and in addition thereto had one-fourth interest in the fee estate, and the plaintiff herein had a three-fourths interest in the fee estate, subject to the curtesy estate of the father.

The judgment is therefore reversed and the cause remanded with directions to the trial court to enter judgment as herein above indicated, rather than as indicated in the original opinion. All concur, except *Woodson, J.*, absent.