Fred HELMS, Appellant,

v.

AMERICAN STATES INSURANCE COMPANY, Respondent.

No. WD 48955.

Missouri Court of Appeals, Western District.

Nov. 8, 1994.

Ernest Courtwright, Warrensburg, for appellant.

Ronald R. McMillin, Jefferson City, for respondent.

Before KENNEDY, P.J., and BRECKENRIDGE and SPINDEN, JJ.

SPINDEN, Judge.

Fred Helms made a claim for uninsured motorist benefits on the insurance policy is-

sued to him by American States Insurance Company. American refused to pay, so Helms sued it on October 25, 1993, for the uninsured motorist benefits and for penalties for American's vexatious refusal to pay. American filed a motion to dismiss Helms' petition alleging several grounds for dismissal. On December 14, 1993, the trial court dismissed the case without prejudice and without stating its reasons for the dismissal. Helms appealed. In the meantime, he refiled his suit in another county, and that suit was still pending on the date of oral arguments.

 Subject to certain exceptions, only appeals from final judgments are permissible. *Nicholson v. Nicholson,* 685 S.W.2d 588 (Mo.App.1985). A final judgment disposes of all parties and all issues and leaves nothing for further determination. *Ritter v. Aetna Casualty and Surety Company,* 686 S.W.2d 563, 564 (Mo.App.1985). Generally, a dismissal without prejudice is not an adjudication on the merits. *Id.* The general rule is: " 'Dismissals of actions without prejudice ordinarily indicate that such judgments of dismissal affect no right or remedy of the parties and that there has been no decision of the case on the merits.' 27 C.J.S. Dismissal & Nonsuit § 73 (1974)." *Id.*

Dismissals without prejudice are appealable under certain circumstances. *See id.; Nicholson,* 685 S.W.2d at 589. We must determine whether the dismissal amounted to a mere dismissal of the petition or whether it was a dismissal of the action itself. *Nicholson, id.* If the effect of the trial court's dismissal was to dismiss the cause of action and not merely the pleading, then the dismissal was final and appealable. *Mahoney v. Doerhoff Surgical Services, Inc.,* 807 S.W.2d 503, 506 (Mo. banc 1991). "If the dismissal was such that a refiling of the petition at that time would be a futile act, then the order of dismissal is appealable." *Nicholson,* 685 S.W.2d at 589.

We deem the trial court's dismissal as a dismissal of the petition and not the action itself. Because the trial court dismissed Helms' petition without prejudice and Helms chose to refile a second suit against American, no final judgment exists. Hence, we are

without jurisdiction, and we dismiss Helms' appeal. *See Downey v. Mitchell,* 835 S.W.2d 554 (Mo.App.1992).

The appeal is dismissed.

All concur.