Donald Wayne MORRIS,
Plaintiff/Appellant,

v.

ALTERNATIVES, INC., d/b/a Cope Alternatives, Inc., and Kevin Otis,
Defendants/Respondents.

No. 66309.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 14, 1995.

Donald Wayne Morris, pro se.

Lawrence A. Baerveldt, St. Louis, for respondents.

Before CRANE, P.J., and CRANDALL and DOWD, JJ.

PER CURIAM.

Plaintiff, Donald Wayne Morris, a prisoner serving a 79 year sentence in the Missouri Department of Corrections, appeals the dismissal without prejudice of his civil action against defendants, Alternatives, Inc. and Kevin Otis for failure to prosecute when plaintiff failed to appear for trial. We dismiss for the reason that the order dismissing the case without prejudice is not a final, appealable judgment.

"A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred." Rule 67.01. Accordingly, a dismissal without prejudice is not a final judgment from which an appeal may be taken. *Davis v. Poetz*, 712 S.W.2d 68, 70 (Mo. App.1986). Plaintiff argues that because he may be incarcerated for a long time and is prevented by § 491.230.2 from personally appearing in court, refiling of a petition would be a "futile act" and thus the order of dismissal should be appealable. Cases which have interpreted "futile act" refer to dismissals which have adjudicated procedural or substantive aspects of a plaintiff's action, not merely dismissed the pleading. *See Nicholson v. Nicholson*, 685 S.W.2d 588, 589 (Mo. App.1985). In this case the order of dismissal does not prevent plaintiff from refiling his case, presenting evidence, or appearing through counsel in a future case. His status

as a prisoner prevents only his personal appearance.

Appeal dismissed.