**Lonnie SNELLING, Appellant,**

v.

**John BLECKMAN, Respondent.**

No. 70232.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 3, 1996.

Lonnie Snelling, University City, pro se.

Robert N. Hamilton, St. Louis, for respondent.

---

RHODES RUSSELL, Judge.

Lonnie Snelling appeals from the involuntary dismissal of his legal malpractice claim against John Bleckman for failure to comply with Rule 55.11 of the Missouri Rules of Civil Procedure. We dismiss the appeal for lack of appellate jurisdiction as no final judgment exists.

Snelling, acting pro se, filed his initial petition against Bleckman on August 21, 1991. The three count petition alleged that Bleckman had committed legal malpractice during his representation of Snelling in a matter before the federal court. The petition also alleged fraud and misrepresentation.

Snelling amended the petition several times with leave of the court. After the filing of the Second Amended Petition, Bleckman filed a motion to Make More Definite and Certain, to Strike and For Judgment on the Pleadings. The court sustained the motion and gave Snelling until September 7, 1995, to file a Third Amended Petition which would "comply with the Missouri Rules of Civil Procedure."

Snelling filed the Third Amended Petition on August 24, 1995, along with a Motion for Change of Judge. On September 6, 1995, Bleckman filed a Motion to Dismiss or Enter Judgment on the Pleadings. On November 10, 1995, the trial court again granted Snelling permission to amend his pleadings by substituting pages 9 and 11 of the Third Amended Petition and by striking the word "negligent" from Count II of the petition and replacing it with the word "intentional." On November 13, 1995, the Motion to Dismiss or Enter Judgment on the Pleadings was heard and submitted. On December 20, 1995, the Motion to Dismiss was granted. The trial court based the dismissal on Snelling's continual violation of Rule 55.11 of the Missouri Rules of Civil Procedure. The court dismissed the petition, not the cause of action. The involuntary dismissal order did not specify whether it was with or without prejudice.

Rule 67.03 states that an involuntary dismissal shall be without prejudice unless the order specifies otherwise. A dismissal without prejudice is not a final judgment from which appeal may be taken.

*Morris v. Alternatives, Inc.*, 892 S.W.2d 399 (Mo.App.1995). Appellate courts only have jurisdiction over final judgments. *Thomas v. Nicks*, 867 S.W.2d 676 (Mo.App.1993).

We dismiss the appeal for lack of jurisdiction as the dismissal was without prejudice and was not a final judgment.

SIMON and KAROHL, JJ., concur.