**Jody V. CHAVEZ, Appellant,**

v.

**Marvin Wesley WALTERS, Respondent.**

No. WD 60667.

Missouri Court of Appeals, Western District.

Submitted May 7, 2002.

Decided July 2, 2002.

Robert Charles Paden, Independence, for Appellant.

Patrick William Campbell, Independence, for Respondent.

Before PATRICIA BRECKENRIDGE, P.J., HAROLD L. LOWENSTEIN, and JAMES M. SMART, JR., JJ.

JAMES M. SMART, JR., Judge.

Jody Chavez appeals the lower court's dismissal of his petition for orders of protection pursuant to Missouri's Child Protection Orders Act, § 455.500–455.538, RSMo 2000. The court granted Respondent Marvin Walters' motion to dismiss, dismissing the matter "without prejudice." The appeal is dismissed because the trial court ruling was not a final, appealable judgment.

## Factual Background

Jody Chavez ("Father") and Sondra Chavez ("Mother") are divorced. Father alleges that Mother's boyfriend, Marvin Walters, has sexually abused the youngest of Father and Mother's three children and that he has physically and emotionally abused the other two. Father bases the allegations in part on the findings of a MOCSA counselor, after counseling the youngest child, that the child has been sexually abused. The alleged abuse occurred "on or about 12/31/00 or 01/01/01." The divorce was granted on May 31, 2001. There is a provision in the divorce decree prohibiting Walters from having contact with the children.[1] Father has primary physical custody of the children with significant custodial visitation time to Mother.

---

1. That provision, which was part of the parties' parenting plan agreement and was incorporated into the decree, states:

2. The Chavez children shall have no contact with Marvin Walters at any time until further order of the court. This includes:

a. Excluding [] Walters from the residence of [Mother] when [Mother] and the Chavez children are present.

b. Excluding [] the Chavez Children from the residence of []Walters when []Walters is there; and

c. Excluding []Walters from intentionally conversing with the Chavez Children except to request to speak with [Mother]. . . .

Father filed for an *ex parte* order of protection for the children under the Child Protection Orders Act ("Act") on July 2, 2001, to keep Walters (hereafter "Boyfriend") away from them. The *ex parte* order was granted, but Boyfriend filed a motion to dismiss before the hearing on the full order was held. That motion asserted that the court lacked jurisdiction over Boyfriend. For an order of protection to be granted in the instance of abuse, the person sought to be enjoined must be a "present or former adult household member" of the children. Section 455.505. The Circuit Clerk's office provides assistance to litigants seeking a child protection order pursuant to § 455.508. In this case, the clerk provided a form to be completed. Father did not mark on the form a box indicating that Boyfriend was a present or former household member of the children. The purpose of marking that box, of course, is to demonstrate that the court has jurisdiction under the Act. *See Reller v. Hamline*, 895 S.W.2d 659, 660 (Mo.App. 1995). In this case, the court dismissed the petition for a full order of protection, without prejudice to refiling.

Father now appeals the dismissal to this court on the grounds that the court erred in failing to recognize that these children have "dual residences," in that, although Father has primary physical custody of the children, Mother has significant custodial visitation with them. Father asserts in his brief that Mother and Boyfriend reside together in the home where Mother exercises her visitation with the children. He contends, for that reason, Boyfriend should be considered a "household member" of the children.

## Appealability

At the outset, this court must determine whether the order appealed from is a final, appealable order. Neither party addresses the issue, but we must resolve the issue before proceeding on the merits of the case. The order granted the motion for dismissal *"without prejudice."* Pursuant to § 512.020 RSMo 2000 and Rule 74.01, a party may appeal only from a final judgment. "A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred." *Morris v. Alternatives, Inc.*, 892 S.W.2d 399, 399 (Mo.App.1995); Rule 67.01. Accordingly, as a general rule, a dismissal without prejudice is not a final judgment from which an appeal may be taken. *Id.*

There are exceptions to this general rule, however. See *Meadows v. Jeffreys*, 929 S.W.2d 746, 748, n.5 (Mo.App. 1996). When the effect of the order is to dismiss the action and not merely the pleading, the judgment is final and appealable. *Id.* (citing *Mahoney v. Doerhoff Surgical Servs. Inc.*, 807 S.W.2d 503, 506 (Mo. banc 1991)). Arguing that this court should decide the issue of whether children can be considered to have "dual residences" for purposes of the Act, Father is asserting that he pleaded that Boyfriend resides with Mother, and argues that the motion court's dismissal of the petition acts as a dismissal of the entire cause of action and not merely the pleading. Father could, of course, resubmit the petition with the section designating the respondent a "present or former adult household member" marked. Father contends, however, that the trial court already knew that Father was making the argument he now makes on appeal, which is that a child can have dual residences for purposes of the Act. We disagree. We fail to see that it is clear that the trial court was ruling on that bigger issue rather than dismissing the matter because of faulty pleadings. The court did not specify the basis of the dismissal, other than to indicate it was with-

out prejudice. We can presume that the dismissal was based upon one of the grounds presented in Boyfriend's motion to dismiss. We must affirm the dismissal if any ground can sustain the ruling. See *Shouse v. RFB Constr. Co.*, 10 S.W.3d 189, 193 (Mo.App.1999).

The relevant provision of the Act provides, in pertinent part:

An order of protection for a child who has been *subject to abuse by a present or former adult household member* or person stalking the child may be sought under sections 455.500 to 455.538 by the filing of a verified petition alleging such abuse by the respondent.

§ 455.505.1 (emphasis added). "Adult household member" is defined under the Act as "any person eighteen years of age or older or an emancipated child who resides with the child in the same dwelling unit" pursuant to § 455.501(2).

The court in *Reller*, 895 S.W.2d at 662, held that the court lacked jurisdiction to enter a child protection order against a former boyfriend of the mother where the former boyfriend was not a resident of the child's household. In this case, the form petition stated as follows:

3. Respondent is (BOTH MUST BE CHECKED)

___ At least eighteen years of age and,

___ A present or former household member of the child

On Father's petition, he checked the first requirement, but not the second.

■ Boyfriend's motion to dismiss was based upon two arguments. First, Boyfriend stated that he was not a household member (current or former) of the victims. Second, he asserted that other orders regarding these children have been entered by the dissolution court and that fact was not shown on the petition for the ex parte order as required by § 455.513.

This court must presume that dismissal was based upon one of the two grounds presented. *Shouse*, 10 S.W.3d at 192.

Father now argues before this court that the issue for this court to decide is whether children of divorce should be considered to have "dual residences" for purposes of the Act. That contention was not specifically before the trial court, because at no point in the petition nor in the suggestions in opposition did Father allege that Boyfriend and Mother were living together in the same house where the children exercised their visitation. Father now asserts on appeal that Boyfriend and Mother are living together and points to pages 30 and 47–49 of the legal file to support his contention that he pleaded that fact in the trial court. Page 30 of the legal file (which is a page from Father's suggestions in opposition to the motion to dismiss) does not inform the court that Mother and Boyfriend reside together. Rather, in his trial court suggestions, Father discussed the definition of "Household Member" under the *Adult Abuse Act,* § 455.010. That section, which is not part of the *Child Protection Order Act,* defines "household member," in part as an "adult who has been in a continuing social relationship of a romantic or intimate nature with the victim." § 455.010(5).

In his trial court brief, Father stated that Boyfriend has been "in past alleged intimate contact with the victim," referring to the child as the victim. Father's trial court brief then states that, "the victims have regular visitation in a home where adults (Marvin Walters and Sandra [sic] Chavez) have a child in common." This is a statement that one of Boyfriend's children resides in Mother's home. It implies, but avoids directly saying, that Boyfriend resides there. Father then argues that, because of the definition of "household member," it is irrelevant whether Boy-

friend and Ms. Chavez have been married or have resided together at any time. This argument, based on the incorrect definition, undercuts the implication that Boyfriend resides with Mother. Pages 47–49 of the legal file are merely copies of pages from the dissolution decree, which outline the fact that Boyfriend is prohibited from having contact with the children. There is nothing beyond these remarks which could be considered a pleading that Boyfriend is a present or former household member of the children. Father apparently completely fails to notice that he, both in the trial court and here, has based his argument on the definition of "household member" in the *Adult Abuse Act,* and not on the definition in the *Child Protection Orders Act.* The definition of the term in the *Child Protection Orders Act* is "any person eighteen years of age or older or an emancipated child who *resides with the child in the same dwelling unit.*" § 455.501(2) (emphasis added).

On appeal, Father asserts that the court must decide whether children in situations where there is primary physical custody with one parent and significant amounts of visitation with the other parent can be considered to have "dual residences" for the purposes of this Act. This court is unable to reach that issue, however, because that issue was not properly presented before the trial court in the underlying case. There was no direct statement that Boyfriend resided in the residence that the children visit. Boyfriend's motion to dismiss did not concede that he resided there, but instead denied it. The trial court was entitled to expect a direct pleading from Father asserting that Boyfriend resided in the same dwelling unit as the children either live in or visit. Father did not plead that Boyfriend fit the required category as an adult household member under the Child Protection Orders Act.

Also, Father's *ex parte* order was improperly obtained in that he erroneously indicated that there were no prior court orders involving these children.[2] This deficiency further complicates Father's ability to establish that the trial court adjudicated the issue Father now asserts on appeal.[3]

The lower court's dismissal without prejudice is not a final, appealable order. We must presume the court dismissed the matter because Father did not properly plead a cause of action under the *Child Protection Orders Act.*

### Conclusion

The motion to dismiss was granted "without prejudice." Father fails to show that the court's ruling was a final, appealable judgment. Appeal dismissed.

BRECKENRIDGE and LOWENSTEIN, JJ., concur.

---

2. There were in fact prior court orders involving these children, and those orders included Walters. *See* footnote 1, *supra.* Walters was joined as a third party respondent in a paternity, custody and support action that was consolidated with the dissolution petition.

3. It may be that the existence of prior custody orders would preclude only an *ex parte* order of protection, and would not preclude obtaining a "full order of protection" after a hearing within the meaning of the statute. That issue was not addressed below, and we need not address it here.