Favis C. MARTIN, Plaintiff/Appellant,

v.

Ellen Y. MORGAN, Defendant/Respondent.

No. ED 82205.

Missouri Court of Appeals, Eastern District, Division Five.

March 25, 2003.

Favis C. Martin, Beaumont, pro se.

Ellen Y. Morgan, High Ridge, pro se.

LAWRENCE E. MOONEY, Chief Judge.

The appellant, Favis C. Martin, filed a notice of appeal from an order dismissing his claim against the defendant without prejudice for failure to prosecute. Because there is no final, appealable judgment, we dismiss his appeal.

The appellant is incarcerated in federal prison in Texas. On March 12, 2002, the appellant filed a civil suit against the defendant alleging "slander and defamation of charter (sic)." The case was set for disposition on November 12, 2002. On that date, the court entered an order dismissing the appellant's case without prejudice for failure to prosecute.

An aggrieved party may only appeal from a final judgment of the trial court. Section 512.020, RSMo 2000. In a civil case, a judgment is a writing both signed by a judge and expressly denominated a "judgment." Rule 74.01(a);

*American Motorists Ins. Co. v. Moore*, 958 S.W.2d 94, 95 (Mo.App. E.D.1997). The designation of "judgment" may occur at the top of the writing, within the body of the writing, or in a docket-sheet entry, but it must be clear from the writing that the trial court is calling the document or docket-sheet entry a judgment. *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997). Here, the order of November 18, 2002 is not denominated a judgment anywhere on the writing or in the docket-sheet entry. As a result, there is no final, appealable judgment.

In addition, a dismissal without prejudice is not a final judgment from which an appeal may be taken. *Morris v. Alternatives, Inc.*, 892 S.W.2d 399, 399 (Mo.App. E.D.1995). As in *Morris*, the order of dismissal does not prevent the appellant from refiling his case; his status as a prisoner prevents only his personal appearance. *Id.*

This court has a duty to *sua sponte* determine whether we have jurisdiction. *Fischer v. City of Washington*, 55 S.W.3d 372, 377 (Mo.App. E.D.2001). If we lack jurisdiction to entertain an appeal, it should be dismissed. *Id.* We issued an order directing the appellant to show cause why this appeal should not be dismissed for lack of final, appealable judgment. Appellant filed a response. He makes no argument that the order in question was properly denominated a judgment or that the dismissal without prejudice is final.

Appeal dismissed for lack of a final, appealable judgment.

LAWRENCE G. CRAHAN and ROBERT G. DOWD, JR., JJ., concur.