Sherrie D. GRAY, Claimant/Appellant,

v.

BOTKIN LUMBER COMPANY and Division of Employment Security, Respondents.

No. ED 84007.

Missouri Court of Appeals, Eastern District, Division Five.

May 11, 2004.

**520**

Sherri D. Gray, Farmington, MO, pro se.

Cynthia Ann Quetsch, Jefferson City, MO.

Botkin Lumber Company, Inc., Farmington, MO, pro se.

SHERRI B. SULLIVAN, Chief Judge.

Sherrie D. Gray (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) denying unemployment benefits to her. Because we find Claimant's notice of appeal is untimely, we dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded Claimant was ineligible for unemployment benefits because she was not available for work. Claimant filed an appeal with the Appeals Tribunal and a hearing was held. The Appeals Tribunal affirmed the deputy's determination. The Appeals Tribunal noted that Claimant became pregnant and due to the high-risk nature of the pregnancy, she was placed on stringent work restrictions. Her employer, Botkin Lumber Company (Employer) granted her an unpaid medical leave, but continued to pay her insurance. The Appeals Tribunal concluded that Claimant had neither quit her job nor been fired and she expected to return to her job once she was physically able.

Claimant filed an application for review with the Commission. The Commission affirmed the decision of the Appeals Tribunal. The Secretary of the Commission certified that she mailed a copy of the Commission's decision to Claimant on December 9, 2003. Claimant filed a notice of appeal to this Court by facsimile on January 9, 2004.

A claimant has twenty days to appeal a final decision of the Commission. Section 288.210.[1] The Commission's decision becomes final ten days after the date it is mailed to the parties. Section 288.200.2. Here, the Secretary for the Commission mailed its decision to Claimant on December 9, 2003. The decision became final ten days later and the notice of appeal was due on January 8, 2004. Claimant's notice of appeal, which was filed on January 9, 2004, was untimely under Section 288.210.

This Court has a duty to determine *sua sponte* whether it has jurisdiction. *Williams v. ESI Mail Pharmacy Serv., Inc.,* 103 S.W.3d 848 (Mo.App. E.D.2003). After reviewing our jurisdiction, we issued an order directing Claimant to show cause why this appeal should not be dismissed as untimely. Claimant did not file a response.

An untimely notice of appeal in an unemployment case deprives this Court of jurisdiction to entertain the appeal. *Loeffler v. Shop N Save,* 121 S.W.3d 261, 261 (Mo.App.E.D.2003). Even though Claimant's notice of appeal was only one day out of time, Section 288.210 fails to make any provision for late filing and does not recognize any exceptions for filing out of time. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). Our only recourse is to dismiss Claimant's appeal.

The appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.