**C. Benjamin BASYE and Joanne Basye,
Husband and Wife; and Stuart R. Basye and Debra J. Basye, Husband and
Wife, Appellants,**

v.

**FAYETTE R–III SCHOOL DISTRICT
BOARD OF EDUCATION,
Respondent.**

**No. WD 63214.**

Missouri Court of Appeals,
Western District.

Sept. 21, 2004.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 2, 2004.

Application for Transfer Denied
Dec. 21, 2004.

denied.

Dennis J. Campbell Owens, Kansas City, MO, for Appellants.

Steven L. Wright, Columbia, MO, for Respondent.

Before VICTOR C. HOWARD, P.J., ROBERT G. ULRICH and PATRICIA A. BRECKENRIDGE, JJ.

ROBERT G. ULRICH, Judge.

C. Benjamin Basye and Joanne Basye, husband and wife, and Stuart R. Basye and Debra J. Basye, husband and wife, collectively Appellants, appeal the judgment dismissing their petition to quiet title in certain real property located in Howard County. They alleged in their petition that they are owners of certain real property except a one-acre lot upon which exists a structure at one time used as a school. The one-acre lot is known as the "Union School lot." They also alleged that the Fayette R–III School District Board of Education also claims an interest in the Union School lot "for school purposes" and that the lot ceased being used "for school purposes" when public school ceased to be held at the location in 1945.[1] The School District filed its motion to dismiss, which claimed that Appellants failed to state a

---

1. Appellants' petition and their brief on appeal are unclear regarding the type of estate they claim was created by the 1892 deed conveying the lot to the school, whether it be a determinable fee simple with possibility of reverter or a defeasible fee simple with right of entry for condition broken. Any issues regarding the type of estate created are, therefore, not addressed in this opinion.

cause of action and that the ten year statute of limitations had run.

Appellants assert two points on appeal. They claim that the trial court erred in dismissing their petition to quiet title because the petition asserted an interest in the contested real property, the factual nature of their claim, and that the School District's claim to the property was adverse to theirs, thus stating a cause of action under Missouri law. They also claim, as point two, that the trial court erred in dismissing their petition because no limitation of action applies to any land appropriated for public use or belonging to the state or to a deed that is void on its face due to an insufficient property description, all of which they claim exist in this case.

The judgment dismissing Appellants' petition is affirmed.

### Standard of Review

Review of a trial court's judgment granting a motion to dismiss is *de novo*. *Weems v. Montgomery*, 126 S.W.3d 479, 484 (Mo.App. W.D.2004). When the trial court sustains a defendant's motion to dismiss without stating the basis for the decision, the appellate court will presume that the dismissal was based on one of the grounds stated in the motion to dismiss and will affirm the dismissal if it can be sustained on any ground supported by the motion to dismiss. *Miller v. Enyeart*, 893 S.W.2d 901, 904 (Mo.App. W.D.1995).

A motion to dismiss properly raises the defense of statute of limitations, and if it appears that the cause of action is barred by time limitations, the motion is properly sustained. *Braun v. Petty*, 31 S.W.3d 521, 523 (Mo.App. E.D.2000). "If the statute of limitations is raised as an affirmative defense, the trial court may not dismiss the petition unless it is clearly established on the petition's face and with-out exception that the cause of action is time barred." *Id.*

### Dismissal of Petition by Trial Court

Rule 67.03 states that an involuntary dismissal of a petition shall be without prejudice unless the order specifies otherwise. The dismissal of a petition without prejudice is generally not adjudication on the merits and permits the party to re-file the action, unless otherwise barred. *Waltrip v. Davis*, 899 S.W.2d 147, 148 (Mo.App. E.D.1995). Appellate courts have jurisdiction over final judgments only. *Snelling v. Bleckman*, 935 S.W.2d 93, 94 (Mo.App. E.D.1996). Dismissal of a petition without prejudice is not a final judgment from which appeal may be taken. *Id.* Thus, appellate courts normally do not have jurisdiction over cases where the petition has been dismissed without prejudice. Dismissals without prejudice are appealable under certain circumstances, however. *Helms v. Am. States Ins. Co.*, 886 S.W.2d 220, 221 (Mo.App. W.D.1994). The question is whether the dismissal is merely the dismissal of the petition or whether it dismissed the action itself. *Id.* If the trial court's dismissal effectively dismissed the cause of action and not merely the pleading, then the dismissal was a final judgment and is appealable. *Mahoney v. Doerhoff Surgical Servs., Inc.*, 807 S.W.2d 503, 506 (Mo. banc 1991); *Helms*, 886 S.W.2d at 221. "If the dismissal was such that a refiling of the petition at that time would be a futile act, then the order of dismissal is appealable." *Helms*, 886 S.W.2d at 221 (quoting *Nicholson v. Nicholson*, 685 S.W.2d 588, 589 (Mo.App. E.D.1985)).

The trial court did not designate whether the dismissal of Appellants' petition was with or without prejudice. Ordinarily, such dismissal is without prejudice

and is not appealable. The practical effect, however, is that Appellants are precluded from refiling their petition because, although the trial court did not state a reason for the dismissal, the School District's motion asserted that the ten year statute of limitations had run and, therefore, the petition did not state a cause of action upon which relief could be granted. Thus, the dismissal effectively dismissed the case and not simply the petition. This court, therefore, has jurisdiction to review the points on appeal.

### Ten Year Statute of Limitations

 Appellants claim as point two that the trial court erred in dismissing their petition based on the running of the ten year statute of limitations asserting that no limitation of action applies to any land appropriated for public use or belonging to the state or to a deed that is void on its face. Appellants' point two is considered first because if the statute applies and they failed to file their action timely, they are precluded from successfully filing their claim.

In its motion to dismiss, the School District argued that Appellants' petition to quiet title was barred by the ten year statute of limitations. Citing the plaintiffs' acknowledgement in their petition that school was conducted at the site until 1945, the School District argued that under any theory of plaintiffs' case, the statute of limitations barred the action against the School District.

 An action to quiet title is governed by the ten year statute of limitation contained in section 516.010.[2] *Pettus v. City of St. Louis*, 362 Mo. 603, 242 S.W.2d 723, 726 (1951); *Hamilton v. Linn*, 355 Mo. 1178, 200 S.W.2d 69, 70 (1947); *Miller*, 893 S.W.2d at 904–05.[3] Section 516.010 provides:

No action for the recovery of any lands, tenements or hereditaments, or for the recovery of the possession thereof, shall be commenced, had or maintained by any person, whether citizen, denizen, alien, resident or nonresident of this state, unless it appear that the plaintiff, his ancestor, predecessor, grantor or other person under whom he claims was seized or possessed of the premises in question, within ten years before the commencement of such action.

Appellants cite section 516.090 in support of their position that statutes of limitation do not apply to bar claims as to title of any land appropriated for a public use or which belong to the state. The statute states, "Nothing contained in any statute of limitation shall extend to any lands given, granted, sequestered or appropriated to any public, pious or charitable use, or to any lands belonging to this state." § 516.090. Thus, applying Appellant's interpretation of section 516.090, a plaintiff could institute a title claim against the state for certain real estate and the state could not assert as a defense a statute of limitations. Appellant's interpretation of the statute is flawed.

2. All statutory references are to RSMo 2000 unless otherwise indicated.

3. Although the Supreme Court held in *Powell v. Powell*, 267 Mo. 117, 183 S.W. 625, 628 (1916), and later in *Kline v. Groeschner*, 280 Mo. 599, 219 S.W. 648, 651 (1920), that no limitation is fixed for bringing a quiet title action under section 527.150, the Court held in *Hamilton v. Linn*, 355 Mo. 1178, 200 S.W.2d 69, 70–71 (1947), that suit to quiet title was governed by the then existing ten year statute of limitation, predecessor of section 516.010. The Court in *Hamilton* adopted the dictum expressed in *Haarstick v. Gabriel*, 200 Mo. 237, 98 S.W. 760, 762 (1906). *Pettus*, the most recent Supreme Court decision on the issue, followed *Hamilton*.

The purpose of section 516.090 is to protect against the loss of public lands due to the carelessness or oversight of the people charged with protecting the public's interests. *Empire Dist. Elec. Co. v. Gaar*, 26 S.W.3d 370, 376 (Mo.App. S.D. 2000). It precludes natural or corporate persons from claiming public lands on the basis of adverse possession. *Rice v. Huff*, 22 S.W.3d 774, 781 (Mo.App. W.D.2000). The statute does not, however, prevent public bodies such as a school district from asserting the statute of limitations against third parties.

Additionally, if Appellants' argument that section 516.090 prevents the School District from asserting any statute of limitations with respect to property being used for its public purposes, then public entities could never acquire property through adverse possession. The public, however, can acquire title to real property by adverse possession, just as an individual can. *S. Reynolds County Sch. Dist. R 2 v. Callahan*, 313 S.W.2d 35, 38 (Mo.1958); *Rector v. Mo. Dept. of Natural Res.*, 685 S.W.2d 225, 227 (Mo.App. E.D.1984). In analyzing the predecessor of section 516.090, the Missouri Supreme Court in *Dudley v. Clark*, 255 Mo. 570, 164 S.W. 608, 613 (1914), stated, "The statute is directed to a charitable use holding its lands in spite of limitation, not to forbidding it gaining title by limitation."

Appellants also argue that the statute of limitations is inapplicable because the disputed deed is void on its face in that it contains an insufficient property description. Appellants cite *Braun v. Petty*, 31 S.W.3d 521 (Mo.App. E.D.2000), in support of this argument. *Braun* held that if the land description in a tax deed is void on its face, it does not start the running of the three year statute of limitations, section 140.590, for challenging a sale of land for taxes. *Id.* at 523 (citing *Heppler v. Esther*, 534 S.W.2d 533, 537 (Mo.App.1976)). *Braun* involved two statutes, sections 140.530 and 140.590. The first provides, in pertinent part:

> No sale or conveyance of land for taxes shall be valid if . . . the description is so imperfect as to fail to describe the land or lot with reasonable certainty. . . .

§ 140.530. Section 140.590 provides, in pertinent part:

> Any suit or proceeding against the tax purchaser . . . for the recovery of lands sold for taxes, or to defeat or avoid a sale or conveyance of lands for taxes . . . shall be commenced within three years from the time of recording the tax deed. . . .

The holding in *Braun* is unique to an action to set aside a collector's deed. Appellants fail to cite and research by this court fails to yield any cases applying the holding of *Braun* to a conveyance of land other than for taxes or to prevent the statute of limitations set out in section 516.010 from running. *Braun* does not apply in this case.

Appellants' petition alleges that they are the owners of certain real property excepting a one acre lot to be used "for school purposes" and that the School District claims an interest in the lot "for school purposes." The petition also alleges that the lot ceased to be used for school purposes in 1945. The statute of limitations of section 516.010 applies to bar Appellants' cause of action. The trial court did not err in dismissing the petition based on the running of the statute of limitations.

The judgment of the trial court is affirmed.

HOWARD, P.J. and BRECKENRIDGE, J. concur.