**Rodney JONES, Plaintiff/Appellant,**

v.

**CITY OF FLORISSANT, Defendant/Respondent.**

No. ED 85016.

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 8, 2005.

Rodney K. Jones, Marion, IL, pro se.

City of Florissant, Florissant, MO, pro se.

GEORGE W. DRAPER III, Chief Judge.

Rodney Jones (Appellant) filed a petition in circuit court seeking a writ of mandamus against the City of Florissant. Appellant sought to have the trial court compel Florissant to accept his motion to plead guilty to outstanding traffic charges in the city. The matter was set for a hearing and notice sent to the parties that hearing was scheduled for July 30, 2004. On that date, the court dismissed Appellant's petition without prejudice for failure to prosecute. Appellant filed this appeal.

This Court has a duty to examine its jurisdiction *sua sponte. Gray v. Botkin Lumber Co.,* 135 S.W.3d 519, 520 (Mo.App. E.D.2004). "A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred." Rule 67.01. A dismissal without prejudice is not a final judgment and therefore, cannot be appealed. *Ampleman v. Schweiss,* 969 S.W.2d 862, 863 (Mo.App. E.D.1998). Generally, when a case is dismissed without prejudice, a plaintiff can cure this dismissal by simply filing another suit in the same court. *Id.* at 863–64.

We issued an order to Appellant directing him to show cause why his appeal should not be dismissed. Appellant filed a response in which he concedes the judgment is not appealable. However, he states that he is currently incarcerated in federal prison in Marion, Illinois, and argues that the trial court's actions deny him his constitutional right to access to the courts. To the contrary, the action has

not denied Appellant access to the courts. In this case, the order of dismissal does not prevent him from simply refiling his case. Moreover, his status as a prisoner does not prevent this, it simply prevents him from personally appearing in court. Appellant may appear through counsel in a future case if he so desires. *See, Morris v. Alternatives, Inc.,* 892 S.W.2d 399, 399–400 (Mo.App. E.D.1995).

Without a final, appealable judgment, this Court is without jurisdiction. The appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN and GLENN A. NORTON, JJ., concur.