**In re the Marriage of: Linda Marie COE, Petitioner/Respondent–Respondent,**

**v.**

**Stanley Harold Roger COE, Respondent/Movant–Appellant.**

**No. SD 30900.**

Missouri Court of Appeals, Southern District, Division One.

Aug. 11, 2011.

Motion for Rehearing or Transfer Denied Aug. 30, 2011.

Application for Transfer Denied Oct. 25, 2011.

Stanley Harold Roger Coe, Goodman, pro se.

W. Henry Johnson, Neosho, for Respondent.

Before BURRELL, C.J., P.J., RAHMEYER, J., and LYNCH, J.

**434**

PER CURIAM.

After a hearing on Stanley Harold Roger Coe's ("Appellant's") Motion to Modify Judgment and Dissolution of Marriage, the trial court entered a handwritten docket entry on October 4, 2010, in which it dismissed the case due to Appellant's failure to comply with discovery. Appellant, operating *pro se*, then filed a timely notice of appeal relating to the October 4th docket entry.

Appellant presents three points relied on that raise generalized and unsubstantiated complaints about the conduct of the trial judge and opposing counsel. Linda Marie Coe ("Respondent") contends that the court did not abuse its discretion in dismissing the case and denying Appellant's motion, that the docket entry appealed from is not a final, appealable judgment, and that Appellant's brief substantially deviates from the requirements of Rule 84.04.[1] While it is apparent that Appellant's brief fails to comply with Rule 84.04 to such an extent that his appeal is all but unintelligible and incapable of being reviewed, we need not reach that contention because the October 4th docket sheet entry is not a "judgment" under Rule 74.01(a).

"A prerequisite to appellate review is that there be a final judgment." *Brooks v. State*, 242 S.W.3d 705, 708 (Mo. banc 2008). Only judgments that are final may be appealed. *Carleton Properties, LLC v. Patterson*, 304 S.W.3d 278, 280 (Mo.App. S.D. 2010). A final judgment disposes all issues as to all parties, leaving nothing for future consideration. *Brooks*, 242 S.W.3d at 708.

Rule 74.01(a) provides, in relevant part:

"Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed. The judgment may be a separate document or entry on the docket sheet of the case.

Rule 74.01(a).

Here, the docket entry from which Appellant appeals falls short of this standard. It was not denominated a "judgment," nor was it signed or initialed by the judge. The court also failed to enter a separate document bearing the markers of a final judgment. *See In re Marriage of Berger*, 931 S.W.2d 216, 217 (Mo.App. S.D.1996) (holding that a mere docket entry, not denominated as "judgment," was not a judgment under Rule 74.01(a), thus warranting dismissal of the appeal).

There being no judgment, Respondent's Motion to Dismiss is granted and this appeal is dismissed.

---

1. All rule references are to Missouri Court Rules (2011).