

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STEPHANIE TRISLER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD78057 |
| | ) | |
| HENRY BERRY, | ) | Opinion filed:  August 11, 2015 |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF RAY COUNTY, MISSOURI**
**The Honorable James C. Thompson, Judge**

Before Division One:  Cynthia L. Martin, Presiding Judge,
Joseph M. Ellis, Judge and James E. Welsh, Judge

Appellant Stephanie Trisler appeals from a purported judgment entered by the Circuit Court of Ray County denying her petition for an order of child protection against Respondent Henry Berry.  For the following reasons, the appeal is dismissed

On September 8, 2014, Appellant filed a petition seeking an order of child protection against Respondent.[1]  In her petition, Appellant requested an *ex parte* order of protection as well as a full order of protection preventing Respondent from having any contact with Appellant's daughter.

That same day, in a docket entry denominated an "order" and initialed by the judge, the circuit court denied Appellant's request for an *ex parte* order.  The September

---

[1] Respondent is the step-grandfather of Appellant's daughter.

8, 2014 docket entry reflects that the request for an *ex parte* order was denied because: "1) Allegations do not meet statutory definition of abuse or stalking; 2) Custody order exists; and 3) No immediate and present danger of abuse to Petitioner[.]" In a separate docket entry on September 9, 2014, the circuit court dismissed Appellant's petition without prejudice.

Following the dismissal, Appellant filed her "Motion for Entry of Judgment and Suggestions in Support Thereof." In her motion, Appellant requested that the circuit court denominate its September 8, 2014 order a judgment. On September 26, 2014, the circuit court granted Appellant's motion and, in a docket entry, stated it was "hereby denominat[ing] the order of September 8th 2014 as a judgment pursuant to Rule 74.01." Appellant then timely filed this appeal.

Appellant raises three points of error regarding the dismissal of her petition for an order of child protection. However, before we can address the merits of those points, we must first determine whether we have the authority to entertain this appeal. *West v. Sharp Bonding Agency*, Inc., 327 S.W.3d 7, 10 n.5 (Mo. App. W.D. 2010) ("We have a duty to determine *sua sponte* whether we have jurisdiction to review an appeal."). We acquire the authority to "review a case upon the issuance of a 'final judgment' from a court below." *Id.* (citing **§ 512.020(5)** and **Rule 74.01**). "If the trial court's judgment is not final, we lack authority to consider the appeal and must dismiss" it. *Id.*

Rule 74.01(a) provides: "A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." Here, at Appellant's request, the circuit court denominated its September 8, 2014 order as a judgment. The

2

corresponding docket entry was initialed by the judge. The Notice of Appeal asserts that the appeal is from the September 8, 2014 docket entry/order that the circuit court subsequently designated a judgment. Nevertheless, Appellant is not appealing from the September 8, 2014 order.[2]

All points raised by Appellant on appeal relate to the dismissal of her petition for an order of child protection. The September 8, 2014 order denied only Appellant's request for an *ex parte* order of child protection.[3] It is the separate, September 9, 2014 docket entry in which the circuit court dismissed, without prejudice, Appellant's petition for an order of child protection. Therefore, we must determine whether the September 9, 2014 docket entry constitutes a final, appealable judgment.

"A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred." *Chavez v. Walters*, 78 S.W.3d 234, 236 (Mo. App. W.D. 2002) (internal quotation omitted). "Accordingly, as a general rule, a dismissal without prejudice is not a final judgment from which an appeal may be taken." *Id.* An exception to this general rule exists, however, "[w]hen the effect of the order is to dismiss the action and not merely the pleading." *Id.* Thus, "where re-filing of the petition would be futile, the order of dismissal is appealable." *Barazi v. Eckoldt*, 180 S.W.3d 507, 510 (Mo. App. E.D. 2005).

---

[2] Immediately after the caption, the Notice of Appeal recites: "Notice is given that Petitioner, Stephanie Trisler, appeals from the judgment/decree entered in this action on September 8, 2014." Later the in Notice, under the section designated "Brief Description of Case," Appellant states that "[t]his is an appeal from a Judgment dismissing a Child Order of Protection petition. . . . [O]n September 9, 2014, the case was dismissed by the Court without prejudice. Appellant appeals the dismissal of the Petition. . . ."

[3] We note that Appellant concedes in her brief that the existence of a custody order pertaining to her daughter precluded the circuit court from issuing an *ex parte* order of child protection. *See* **§ 455.513.1** RSMo Cum. Supp. 2013 (providing that before an *ex parte* order of child protection can issue, there must be a "finding that no prior order regarding custody is pending or has been made").

Here, the circuit court did not specify the basis for its dismissal. The docket entry for September 9, 2014 simply states: "Dismiss by Ct w/o Prejudice." Although Appellant asserts in her Notice of Appeal that she cannot amend her petition and "must stand on the facts originally pleaded," her assertion is unfounded since it cannot be determined from the entry of dismissal whether the circuit court intended to merely dismiss the pleading or the action itself. Moreover, the docket entry is neither denominated a judgment nor signed by the judge. Therefore, it does not comply with the mandates of Rule 74.01(a). *Coe v. Coe*, 349 S.W.3d 433, 434 (Mo. App. S.D. 2011); *Devitre v. Orthopedic Ctr. of St. Louis, LLC*, 282 S.W.3d 414, 414 (Mo. App. E.D. 2009). Accordingly, the circuit court's dismissal, without prejudice, of Appellant's petition for an order of child protection did not constitute a final, appealable judgment.

Appeal dismissed.

_____
Joseph M. Ellis, Judge

All concur.

4