**Thomas F. LEY, Plaintiff–Appellant,**

v.

**ST. LOUIS COUNTY and Charles B. Powell, M.D. and Allan H. Morris, M.D., Defendants–Respondents.**

No. 58313.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 21, 1991.

Dan J. Kazanas, Michael H. Izsak, Michael W. Flynn, Klutho, Cody, Kilo, Flynn, Billingsley & Trame, P.C., St. Louis, for plaintiff-appellant.

Daniel Bartlett, Jr., Assoc. County Counselor, County Government Center, Clayton, Joseph M. Kortenhof, Ralph V. Hart, Kortenhof & Ely, St. Louis, Mary M. Stewart, Bernard C. Brinker, Brinker, Doyen & Kovacs, P.C., Clayton, for defendants-respondents.

SMITH, Presiding Judge.

Plaintiff appeals from the order of the trial court granting defendant County of St. Louis' motion for judgment notwithstanding the verdict. It also appeals from the court's order granting a summary judgment to defendants Powell and Morris on the basis that the statute of limitations precluded recovery. We affirm.

Plaintiff was a police officer employed by the County. On November 20, 1979, he slipped in the men's room at the station and injured his back. Prior to a hearing on a worker's compensation claim he was examined at the County's request by Dr. Powell. His report to the County stated plaintiff had "a contusion of back—probable disc." Plaintiff testified that Dr. Powell told him that nothing was wrong with plaintiff. The hearing officer for the compensation claim suggested the County obtain a second opinion. Dr. Morris gave that second opinion diagnosing plaintiff's condition as "a soft tissue injury to the low back with residual back pain and sacroiliac pain." Neither doctor's report was furnished to either the plaintiff or to the hearing officer. Plaintiff and the County entered into a compromise settlement for $2,700 which was approved by the administrative law judge. Neither the judge or plaintiff, who was not represented by counsel, was aware of the possible disc problem. Within a month of the settlement, on February 16,

1981, an orthopedic surgeon removed a ruptured vertebral disc from plaintiff's back.

Plaintiff, now represented by counsel, then sought to bring a formal claim before the Worker's Compensation Commission. This was dismissed because of the prior settlement. An action in equity to vacate or set aside the compromise settlement was commenced by plaintiff. The trial court ordered the settlement set aside and remanded plaintiff's claim to the Commission for further proceedings. We affirmed in *Ley v. St. Louis County,* 710 S.W.2d 493 (Mo.App.1986). In October 1986, plaintiff and County entered into a revised compromise settlement for $32,618.47. Plaintiff retained the $2,700 from the earlier settlement.

On November 16, 1980, plaintiff had resigned from the County police force. At trial he contended his reason for resignation was that the pain he was suffering from his back made him no longer able to perform his duties as a police officer and that he had been told by the doctors that nothing was wrong with him. After his surgery plaintiff applied for reinstatement on two occasions. Reinstatement was refused.

On January 16, 1987, plaintiff filed the present action. In it he sought damages for fraud, breach of contract, and outrageous conduct. The fraud and outrageous conduct counts were directed against County, Dr. Powell and Dr. Morris. The trial court granted the motions for summary judgment of the doctors on the basis of limitations. Trial against the County proceeded only on the breach of contract count. Specifically, plaintiff sought recovery because the failure of the County to reveal the true nature and extent of his injuries breached its duty of good faith and fair dealing owed him under his contract of employment. This alleged breach of duty resulted in his resignation and his failure to seek disability benefits provided by County ordinance to police officers. The jury returned a verdict in favor

of plaintiff for $98,500. The court granted the County's motion for judgment notwithstanding the verdict. This appeal followed.

■ The County advances two contentions in support of the trial court's action. First it contends that no contract of employment existed relying upon *Johnson v. McDonnell Douglas Corporation,* 745 S.W.2d 661 (Mo. banc 1988). That case is totally inapposite. It dealt with the attempt to utilize an employer's handbook to convert an employment-at-will into an employment contract limiting conditions of discharge. The suit was for wrongful discharge and the court held the handbook did not alter the at-will status. We are not dealing with a wrongful discharge case. There is no question plaintiff was employed by the County. That employment carried with it certain remuneration and benefits, including disability and retirement benefits provided by County ordinance. As an employee of the County police department plaintiff was entitled to such of those benefits as he qualified for as a part of the compensation for his work. *Strode v. Par Electrical Contractors, Inc.,* 722 S.W.2d 361 (Mo.App.1987) [1, 2]; *Martin v. Prier Brass Manufacturing Co.,* 710 S.W.2d 466 (Mo.App.1986) [2]; *Ehrle v. Bank Building and Equipment Corp. of America,* 530 S.W.2d 482 (Mo.App.1975) [10, 11]. The thrust of the County's position is that in the absence of a formal written contract employees have no enforceable rights to compensation or benefits promised by the employer. That position is obviously meritless.

■ The County also contends that plaintiff failed to establish any damages from the alleged breach of "a duty of good faith and fair dealing." [1] We agree. The only evidence adduced by plaintiff on the damage issue was the testimony of an insurance agent and broker as to the cost of an annuity contract that would pay him the equivalent of the money he would receive under the county's disability program. The difficulty is that plaintiff never established

---

1. County has made no challenge to the submissibility of an action based solely on a breach of

that duty. We therefore do not reach that issue.

that he would have been entitled to disability benefits or if so, how much.

The County's disability program provides:

"A participant in Plan B who because of accident occurring or injuries sustained while in the actual discharge and performance of his employment as a commissioned police officer ... suffers a total and permanent physical or mental disability which prevents him from engaging in any substantial, gainful activity, occupation, or employment for which he may be reasonably qualified by training, education, or experience shall be eligible to receive service disability retirement benefits, if such disability is expected to be of long continued and indefinite duration."

The amount of the benefit is 50% of the employee's last monthly compensation plus 10% for each unmarried child under 18— plaintiff had two children meeting that requirement. The amount is to be reduced by a percentage of any disability entitlements under the Social Security Act, disability benefits payable under a specified insurance policy, worker's compensation disability benefits payable by St. Louis County, and any remuneration for personal service rendered in any substantial, gainful activity, occupation, or employment.

Following his back surgery plaintiff was off work for six weeks. Thereafter he was gainfully employed in positions utilizing his college education and police experience. No medical testimony indicated that he is or ever has been totally and permanently disabled as described in the County disability program. He points to guidelines utilized to deny his reinstatement as evidence of that disability. Those guidelines regard as non-acceptable for *hiring*, persons who have herniated intervertebral disc or history of operation for this condition. The expressed reason for such non-acceptability is the potential that such persons have for subsequent disability after they have been employed. Nothing in the guidelines indicate that such conditions are in fact disabling when occurring with persons already in the employ of the department. There was no evidence that plaintiff's resignation caused him to lose any disability benefits at all.

Further he adduced no evidence of the amounts of off-sets which would have been applied to his disability pension. He received worker's compensation payment from the County. How much of that was for disability is not clear in the record. There was no evidence of whether he has an entitlement to Social Security disability benefits, no evidence of what benefits under the specified insurance policy he would have been entitled to, and no evidence of what remuneration he received from his subsequent employment. There is no evidence that plaintiff sustained any damage from the alleged breach. The trial court properly granted County's motion for judgment notwithstanding the verdict.

■ The summary judgments in favor of the doctors were also correctly granted. Sec. 516.105 R.S.Mo 1986, provides a two year limitation period for *all* actions against physicians for damages for malpractice, negligence, error or mistake related to health care. Attempts to characterize such actions as fraud or contract does not avoid the provisions of Sec. 516.105. *National Credit Associates, Inc. v. Tinker*, 401 S.W.2d 954 (Mo.App.1966) [4]; *Rowland v. Skaggs*, 666 S.W.2d 770 (Mo. banc 1984) [1]. Additionally this suit was brought more than five years after February 16, 1981, the date of plaintiff's surgery and the latest date on which plaintiff could possibly be unaware of the erroneous or, as he claimed, fraudulent diagnosis. Sec. 516.120 R.S.Mo.1986, bars the claim even if it is characterized as fraud.

SATZ and CARL R. GAERTNER, JJ., concur.