Stephanie **ARBUTHNOT,**
Plaintiff/Appellant,

v.

**DePAUL HEALTH CENTER,**
Defendant/Respondent.

No. 66132.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 31, 1995.

Frank N. Carter, Jr., St. Louis, for plaintiff/appellant.

Anthony R. Behr, Thomas J. Hayer, St. Louis, for defendant/respondent.

PUDLOWSKI, Judge.

This appeal arises from a personal injury action filed in the Circuit Court of Saint Louis County between Stephanie Arbuthnot (plaintiff) and DePaul Health Center (defendant). The defendant filed a Motion to Dismiss on the grounds that the applicable stat-

---

ute of limitations, § 516.105 RSMo 1986,[1] had run. Based upon defendant's motion, the trial court dismissed plaintiff's claim with prejudice. This appeal follows.

When reviewing a trial court's granting of a motion to dismiss, we give the pleadings their broadest intendment, treat all alleged facts as true and construe the allegations favorably to the plaintiff. *Zero Mfg. Co. v. Husch,* 743 S.W.2d 439, 441 (Mo.App. E.D.1987). However, summary disposition is particularly appropriate in statute of limitations cases because the underlying facts are relatively easy to develop. *Id.* (citing *Dixon v. Shafton,* 649 S.W.2d 435, 440 (Mo. banc 1983)).

On December 3, 1993, plaintiff filed her action. In her first amended petition, plaintiff alleged that on May 28, 1991, plaintiff was at the hospital premises of the defendant undergoing physical therapy. Plaintiff further averred that the defendant was negligent in its actions as plaintiff was alighting from a wheelchair. As a result, plaintiff sustained serious and permanent injuries.

The issue in this case is what is the proper statute of limitations to apply. The trial court relied upon § 516.105 which provides in pertinent part:

Actions against health care providers (medical malpractice)

All actions against physicians, hospitals, dentists, registered or licensed practical nurses, ... and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of. . . .

When comparing the above statute of limitations to the first amended petition, it is clear that the trial court correctly applied § 516.105 to this case. The statute specifically names hospitals; this action was plead against a hospital. The statute requires damages; the plaintiff contends that she was damaged as a result of the hospital's actions.

The statute requires that the claim be for malpractice, negligence, error or mistake; the pleadings aver that the plaintiff's injuries were a direct and proximate result of the defendant's negligence and carelessness. Finally, the statute requires that the negligence be related to health care; the first amended petition states that the alleged acts of negligence occurred while the plaintiff was alighting from a wheelchair during physical therapy, a form of health care. In *Rowland v. Skaggs Companies, Inc.,* 666 S.W.2d 770, 772–773 (Mo. banc 1984), in discussing the applicability of § 516.105, the Supreme Court stated that:

Giving the words of the statute their plain and ordinary meaning, we believe Sec. 516.105 encompasses those actions where the consumer of health services seeks damages for injuries resulting from some improper, wrongful or careless acts or omissions on the part of a health care provider in the delivery of health care to the consumer.

The statute also has been interpreted to govern in cases where its terms comprehend the substance of the health care consumer's claim.

From the statute, the pleadings, and the case law, it is clear that this action is encompassed by § 516.105.

Plaintiff argues that § 516.120 should apply because her claim is one of ordinary negligence. It states in pertinent part:

What actions within five years

Within five years:

(4) ... or for any other injury to the person or rights of another, not arising from contract and not herein otherwise enumerated;

. . . .

Plaintiff relies on three cases for her position: *Robbins v. Jewish Hosp. of St. Louis,* 663 S.W.2d 341 (Mo.App.E.D.1983); *Howard v. Research Hospital & Medical Center, Inc.,* 563 S.W.2d 111 (Mo.App.W.D.1978); *Rowland v. Skaggs Companies, Inc., supra.* Each of these cases is distinguishable from the case at bar.

1. All references to statutes are RSMo 1986 unless otherwise noted.

Neither *Robbins, supra,* nor *Howard, supra,* deal with the application of a statute of limitations. *Robbins* held that it was not error to submit a jury instruction which defined "ordinary" rather than "professional" negligence and that expert testimony was not necessary to make a submissible case. The court stated that "[n]ot every case seeking to recover damages for injury sustained while undergoing medical treatment or hospital care requires expert medical testimony in order to prove negligence." *Robbins,* 663 S.W.2d at 346. Nothing in the court's discussion indicated anything which would remove that case or any other against a hospital from the purview of § 516.105.

*Howard, supra,* held that it was not necessary to present expert testimony to make a submissible claim of negligence. *Howard,* 563 S.W.2d at 112–113. Again, nothing in the court's discussion addressed statutes of limitations nor their applicability to hospitals.

In *Rowland, supra,* the court held that § 516.105 did not bar claims for contribution. *Rowland,* 666 S.W.2d at 773. In *Aherron v. St. John's Mercy Medical Center,* 713 S.W.2d 498, 499 (Mo. banc 1986), the Supreme Court stated that "[i]n *Rowland v. Skaggs Companies, Inc.* ... this Court held that a claim ... for apportionment of fault need not be subject to the statute of limitations applicable to medical malpractice actions, Sec. 516.015, RSMo 1978, because of the independent nature of that claim from the underlying claim of the plaintiff for damages." In the present case, there is no claim for contribution; the claim is directly related to malpractice. Therefore, we find the holding in *Rowland* to be inapplicable to the case at bar.

Furthermore, courts have held that actions which are fundamentally for medical malpractice or for damages to a patient while under medical care clearly fall within § 516.105 regardless of how they are couched. See *Barnhoff v. Aldridge,* 327 Mo. 767, 38 S.W.2d 1029, 1030–1031 (1931); *Ley v. Saint Louis County,* 809 S.W.2d 734, 737 (Mo.App.E.D.1991); *Spruill v. Barnes Hosp.,* 750 S.W.2d 732, 733 (Mo.App.E.D.1988).

Accordingly, we affirm the trial court's dismissal with prejudice because the case was filed beyond the applicable statute of limitations, § 516.105.

SMITH, P.J., and WHITE, J., concur.