Kimberle BRANDON, Plaintiff/Appellant,

and

Martha Robinson, Plaintiff,

v.

SOUTHEAST MISSOURI HOSPITAL, INC., Defendant/Respondent.

No. 69028.

Missouri Court of Appeals,
Eastern District,
Southern Division.

May 21, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 26, 1996.

Application to Transfer Denied
Aug. 20, 1996.

C.H. Parsons, Jr., Parsons, Wilson & Satterfield, Dexter, for appellant..

James A. Cochrane, III, Finch, Bradshaw, Strom & Steele, Cape Girardeau, for respondent.

CRANE, Chief Judge.

Plaintiff, Kimberle Brandon, appeals from the trial court's judgment dismissing her claim for damages suffered as a result of the defendant hospital's sale to her of a defective temporomandibular interpositional implant. The trial court dismissed her claim on the ground that the action was a medical malpractice claim barred by the two-year statute of limitations set out in § 516.105. We reverse and remand for the reason that § 516.105 does not bar this claim which was based on strict products liability.

On August 18, 1986 Dr. Robert Ward surgically placed a temporomandibular interpositional implant in plaintiff's left jaw. Defendant, Southeast Missouri Hospital, sent plaintiff an itemized bill for the surgical equipment, instruments, and supplies used during the procedure, including a "TMJ II TEFLON 912–71," the temporomandibular interpositional implant, for $154.00. In March, 1991 Dr. Ward advised plaintiff that there were possible problems with the implant. In October, 1991 Dr. Jeffery Carter examined plaintiff and told her that the implant had fragmented and caused the pain, swelling, and discomfort she experienced in the area of the implant.

On June 2, 1995 plaintiff filed this action for damages based on strict products liability arising out of defendant's sale of the implant.[1] Defendant moved to dismiss plaintiff's claim for failure to state a cause of action on the ground that her cause of action was barred by the two-year medical malpractice statute of limitations contained in § 516.105. Defendant supported its motion with matters outside the pleadings and asked that it be treated as a motion for summary judgment under Rule 74.04 and Rule 55.27(a). Plaintiff filed a response supported by her affidavit with attached exhibits. The trial court sustained the motion and designated its dismissal order as a final judgment for the purposes of appeal.

On appeal plaintiff contends that the trial court erred in granting defendant's motion to dismiss on the basis it was barred by the two-year medical malpractice statute of limitations found in § 516.105. Plaintiff argues her cause of action was based on strict products liability, which is subject to the five year statute of limitations contained in § 516.120 RSMo 1986.

Section 516.105 RSMo 1986 provides:

All actions against ... hospitals ... for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of ... or from the date on which the patient in the exercise of ordinary care should have discovered such alleged negligence....

 An action need not be a malpractice action in form to be subject to this statute. Actions which, in substance, are fundamentally for medical malpractice because the

1. The other plaintiff, Martha Robinson, filed a similar claim which was the subject matter of Count II and is not a part of this appeal.

claim is for some improper or negligent act by a healthcare provider while caring for a patient are subject to § 516.105 regardless of the form of the pleadings. *Rowland v. Skaggs Cos.,* 666 S.W.2d 770, 773 (Mo. banc 1984). *See e.g., Arbuthnot v. DePaul Health Ctr.,* 891 S.W.2d 564, 566 (Mo.App.1995) (negligence); *Ley v. St. Louis County,* 809 S.W.2d 734, 737 (Mo.App.1991) (fraud, breach of contract, and outrageous conduct); *Spruill v. Barnes Hosp.,* 750 S.W.2d 732, 733 (Mo. App.1988) (breach of contract); *State ex rel. Sisters of St. Mary v. Campbell,* 511 S.W.2d 141, 146–47 (Mo.App.1974) (breach of contract). However, not every action against a healthcare provider is covered by § 516.105. *Rowland,* 666 S.W.2d at 773.

■ In this case plaintiff based her claim on strict products liability, alleging that the defendant sold the implant to her "in a defective condition, unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics and [that she] was damaged as a direct result of the product being sold without an adequate warning."

In *Bell v. Poplar Bluff Physicians Group, Inc.,* 879 S.W.2d 618 (Mo.App.1994), the Southern District held that an action based in strict products liability against a hospital for selling a defective implant was not governed by the two-year medical malpractice statute of limitations. In *Bell* plaintiff brought a strict products liability action against a hospital for damages suffered as a result of a defective temporomandibular interpositional implant sold by the hospital. *Bell* held that the phrase "[a]ll actions" in § 516.105 was qualified to include only actions for malpractice, negligence, error, or mistake related to health care. *Id.* at 621–22. *Bell* concluded that the two-year medical malpractice statute of limitations did not apply to cases in which a plaintiff brings an action for strict products liability because "[m]alpractice, negligence, error, and mistake all connote some type of fault, whether or not intentional. Strict liability requires no fault. Liability under that theory can occur absent malpractice, negligence, error, or mistake." *Id.* at 623.

*Bell* is directly on point. Under *Bell,* plaintiff's strict liability action is not barred by the two-year medical malpractice statute of limitations.

The judgment of the trial court is reversed and the case is remanded to the trial court.

RHODES RUSSELL and HOFF, JJ., concur.