Glenn Edith **PINKERTON** and Glenn Allen Pinkerton, Plaintiffs–Appellants,

v.

**SOUTHEAST MISSOURI HOSPITAL ASSOCIATION, Defendant–Respondent.**

No. 69164.

Missouri Court of Appeals, Eastern District.

May 28, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 10, 1996.

Application to Transfer Denied Aug. 20, 1996.

Schroff, Glass & Newberry, P.C., Randy R. Cowherd and Grant Q. Haden, Springfield, for Appellants.

Finch, Bradshaw, Strom & Steel, L.C., Matthew M. Mocherman and James A. Cochrane, III, Cape Girardeau, for Respondent.

HOFF, Judge.

Glenn Edith Pinkerton and Glenn Allen Pinkerton [1] appeal the judgment dismissing their claims against Southeast Missouri Hospital Association. Plaintiff sued defendant for damages based on strict products liability for the sale of a defective medical device. The trial court granted defendant's motion to dismiss based on the two-year statute of limitations contained in § 516.105 RSMo 1986. The judgment of the trial court is reversed and the case remanded to the trial court.

Plaintiff alleged in her petition she purchased a defective temporomandibular interpositional implant from defendant and this device was implanted in her person at defendant hospital on April 29, 1986 causing her to sustain personal injury years later. Defendant filed a motion to dismiss based on the two-year statute of limitations in § 516.105.

Defendant supported its motion to dismiss with matters outside the pleadings pursuant to Rule 55.27(a) so the motion was treated as a motion for summary judgment under Rule 74.04. The trial court sustained the motion and designated it as a final judgment for appeal purposes. We review the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance v. Mid–America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993).

On appeal, plaintiff contends her claim is not barred by § 516.105 because the statute is not applicable to strict liability claims which do not assert malpractice, negligence, mistake or error.

Section 516.105 provides, in part, as follows:

All actions against physicians, hospitals ... and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, *for damages for malpractice, negligence, error or mistake* related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of ... or from the date on which the patient in the exercise of ordinary care should have discovered such alleged negligence, whichever date first occurs, but in no event shall any action for damages for malpractice, error, or mistake be commenced after the expiration of ten years from the date of the act of neglect complained of. (Emphasis added.)

In *Bell v. Poplar Bluff Physicians Group*, 879 S.W.2d 618 (Mo.App.S.D.1994), the Southern District addressed this identical issue and determined § 516.105 does not bar strict liability claims because they are not based on malpractice, negligence, mistake or error.[2] We find plaintiff's strict products liability claim does not involve fault in the form of malpractice, negligence, error, or mistake and thus is not barred by § 516.105.

The trial court's judgment dismissing plaintiff's petition is reversed and the cause remanded for further proceedings.

CRANE, C.J. and RHODES RUSSELL, J., concur.

---

1. This cause of action involves plaintiff's claim and her husband's derivative loss of consortium claim (hereafter jointly denoted as plaintiff).

2. *See Brandon v. Southeast Missouri Hospital, Inc.*, 926 S.W.2d 113 (Mo.App.E.D.1996).