**Felicia N. ROBINSON, Appellant,**

v.

**HEALTH MIDWEST DEVELOPMENT GROUP, d/b/a/ Lafayette Regional Health Center, Respondent.**

**No. SC 83645.**

Supreme Court of Missouri, En Banc.

Oct. 23, 2001.

Rehearing Denied Nov. 20, 2001.

---

Stephen K. Nordyke, Butler, for Appellant.

Richard M. Paul, III, William L. Yocum, Kansas City, for Respondent.

RONNIE L. WHITE, Judge.

Felicia N. Robinson (Robinson) sought damages for personal injuries sustained in a motor vehicle accident alleging negligence on the part of Health Midwest De-

velopment Group, d/b/a/ Layfayette Regional Health Center (LRHC), with the treatment and monitoring of a third party, Rosemary Schmidt. The trial court sustained LRHC's motion for summary judgment finding it owed no duty of care to Robinson and that Robinson's specifications of negligence failed to establish direct or proximate cause as a matter of law. Because Robinson's claim is time-barred by the relevant statute of limitations, the judgment is affirmed. In light of this disposition the issues of duty or causation are not reached.

## I.

On November 17, 1993, Rosemary Schmidt presented to LRHC complaining of a headache. After her initial assessment she was treated with an intravenous dose of five milligrams of Compazine, a non-narcotic medication commonly used to treat nausea. After receiving the medication and without alerting the staff, Schmidt spontaneously left the hospital's emergency department. Consequently, she failed to receive the appropriate discharge assessment and warnings with regard to her symptoms and prescribed treatment. Compazine is known by medical personnel to cause drowsiness, dizziness, and hypotension.

After leaving the hospital, Schmidt's vehicle crossed the centerline of Highway 13 and struck Robinson's vehicle head-on resulting in the personal injuries that form the basis for this suit. Robinson' petition, filed February 14, 1997, alleged LRHC's medical staff negligently failed to warn

Schmidt not to drive while under the influence of the Compazine and that the failure to warn was the direct and proximate cause of Robinson's injuries. LRHC's answer, filed April 17, 1997, denied all liability and raised the affirmative defense of the claim being barred by the applicable statute of limitations. In July 1999 the first trial proceeded, but the jury was unable to reach a verdict and a mistrial was declared. At retrial, LRHC's summary judgment motion was granted.

## II.

■ A trial court's granting of summary judgment is reviewed de novo, and this Court views the record in the light most favorable to the party against whom judgment was entered giving the non-movant the benefit of all reasonable inferences from the record.[1] Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.[2]

■ To succeed on her claim of negligence Robinson must plead and prove that the defendant had a duty to protect her from injury, that the defendant breached that duty, and that the defendant's failure directly and proximately caused her injury.[3] Robinson contends the various theories of negligence pled do not restrict her claim to the areas of failure to warn or medical malpractice; that instead, a general negligence theory applies and the duty owed to her by LRHC's staff can be imposed by public policy considerations.[4] Robinson further argues there is no need to establish the existence of a physician-

---

1. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993); *American Standard Ins. Co. v. Hargrave*, 34 S.W.3d 88, 89 (Mo. banc 2000).

2. Id. at 377. See also Rule 74.04(c).

3. *Lopez v. Three Rivers Elec. Co-op., Inc.*, 26 S.W.3d 151, 155 (Mo. banc 2000); *Scheibel v. Hillis*, 531 S.W.2d 285, 288 (Mo. banc 1976).

4. *Hoover's Dairy, Inc. v. Mid–America Dairymen, Inc./Special Products, Inc.*, 700 S.W.2d 426, 431–32 (Mo. banc 1985).

patient relationship to prevail on her general negligence claim.[5]

■ LRHC contends that Robinson merely seeks to change the nature of her claim from medical malpractice to general negligence to deny LRHC the procedural protections afforded in medical malpractice suits as outlined in section 538.205 et seq. and section 516.105. While it is correct that section 516.105 provides the correct statute of limitations, it is irrelevant in this instance as to how Robinson characterizes her claim.

Section 516.105 provides in pertinent part:

> **All actions against** physicians, hospitals, dentists, registered or licensed practical nurses, optometrists, podiatrists, pharmacists, chiropractors, professional physical therapists, and **any other entity providing health care services** and all employees of any of the foregoing acting in the course and scope of their employment, **for damages for** malpractice, **negligence**, error or mistake **related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of,**

■■ All of Robinson's allegations relate to negligent medical treatment for failing to appropriately inform, assess, monitor, and supervise Ms. Schmidt in conjunction with the treatment she received and with her subsequent unannounced exodus from the hospital while in a medically created impaired state of mind. The clear and unambiguous language of section 516.105 indicates that actions based in negligence brought against the enumerated health care providers in relation to the provision of health care services must be brought within two years from the date of occurrence of the alleged negligent act.[6] Any act or omission related to the care, custody, or treatment of the patient, whether pled as ordinary negligence or negligence relating to malpractice is covered under section 516.105.[7] "Actions which, in substance, are fundamentally for medical malpractice because the claim is for some improper or negligent act by a healthcare provider while caring for a patient are subject to section 516.105 regardless of the form of the pleadings." [8]

■ Robinson argues that since her claim is based in general negligence that the five-year statute of limitations in section 516.120.4 applies. However, the rules of statutory construction are clear that in situations where the same subject matter is addressed in general terms in one statute and in specific terms in another, and there is a "necessary repugnancy" between statutes, the more specific statute controls over the more general.[9] The two statutes

5. *Millard v. Corrado,* 14 S.W.3d 42, 48 (Mo. App.1999).

6. *Arbuthnot v. DePaul Health Center,* 891 S.W.2d 564, 565 (Mo.App.1995).

7. *Gerba v. Neurological Hospital Ass'n,* 416 S.W.2d 126, 128 (Mo.1967).

8. *Brandon v. Southeast Missouri Hosp., Inc.,* 926 S.W.2d 113, 114–15 (Mo.App.1996) (overruled in part on other grounds in *Budding v. SSM Healthcare Sys.,* 19 S.W.3d 678, 682 (Mo. banc 2000)); See also *Arbuthnot,* 891 S.W.2d at 566; *Ley v. St. Louis County,* 809 S.W.2d 734, 737 (Mo.App.1991); *Rowland v.* *Skaggs Cos.,* 666 S.W.2d 770, 773 (Mo. banc 1984) (overruled in part on other grounds in *McNeill Trucking Co. v. Missouri State Highway and Transportation Commission,* 35 S.W.3d 846, 849 (Mo. banc 2001)).

9. *Community Bancshares, Inc. v. Secretary of State,* 43 S.W.3d 821, 825, fn 12 (2001), citing to, *Greenbriar Hills Country Club v. Director of Revenue,* 935 S.W.2d 36, 38 (Mo. banc 1996); and *State ex rel. City of Springfield v. Smith,* 344 Mo. 150, 125 S.W.2d 883, 885 (banc 1939).

of limitation in controversy are necessarily repugnant as each provides a different time limit for initiating a cause of action for negligence, and Missouri's legislature has identified a specific class of defendants and actions in section 516.105 to receive the shorter statute of limitations.

Robinson filed her claim on February 14, 1997, while the act serving as the basis of her claim occurred on November 17, 1993, some three years and three months after the alleged error related to Ms. Schmidt's health care. The trial court's decision granting LRHC summary judgment was correct even if based upon different reasoning and "a correct decision will not be disturbed because the trial court gave a wrong or insufficient reason therefore." [10]   On the basis of Robinson's claim being time-barred by the relevant statute of limitations, the judgment is affirmed.

All concur.

10.   *Hargrave,* 34 S.W.3d at 92.