Vincetta **SPERO**, Appellant,

v.

Sylvia **MASON** et al., Respondents.

**No. WD 74016.**

Missouri Court of Appeals, Western District.

April 24, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 29, 2012.

Application for Transfer Denied Aug. 14, 2012.

Timothy Monsees, Kansas City, MO, for Appellant.

Mark Kelly, Liberty, MO, for Respondent, Mason.

Karl Kuckelman, Overland Park, KS, for Respondent, Albin.

Albin Marc Erickson, Kansas City, MO, for Respondent, Gatapia.

Before: CYNTHIA L. MARTIN, P.J., THOMAS H. NEWTON, and KAREN KING MITCHELL, JJ.

THOMAS H. NEWTON, Judge.

Ms. Vincetta Spero appeals the dismissal of a petition for damages against Ms. Sylvia Mason, Mr. Charles Albin, and Dr. Ramilo Gatapia (collectively "Respondents"). The trial court granted the Respondents' motions to dismiss on the ground that the lawsuit was time-barred under section 516.105.[1] We reverse and remand to the trial court.

### Factual and Procedural Background

On October 19, 2005, Ms. Spero was stabbed repeatedly by a resident while working as a charge nurse for Senior Estates. Ms. Spero suffered multiple injuries and accrued medical bills for treatment.

Almost five years later, Ms. Spero filed a petition for damages against Ms. Mason, as the Assistant Director of Nursing, Mr. Albin, as the Nursing Home Administrator, and Dr. Gatapia, as the Director of Nursing, alleging that they had breached a personal duty of ordinary care.

The Respondents filed answers denying the allegations and motions to dismiss. Dr. Gatapia's motion to dismiss contended that Ms. Spero claimed injury "because of the way that [Dr.] Gatapia allegedly was negligent in treating [the resident]" and because of his failure to disclose information that he received while providing healthcare service to the resident. He argued that the allegations supporting the claim of negligence were time-barred under the two-year statute of limitations for actions related to health care against health care providers, section 516.105. Relying on *Robinson v. Health Midwest Development Group,* 58 S.W.3d 519 (Mo. banc 2001), Dr. Gatapia further argued that Ms. Spero's status as a non-patient did not preclude the statute from applying

---

1. Statutory references are to RSMo 2000 and the Cumulative Supplement 2011.

because she alleged "acts, errors, or mistakes related to health care services provided by Dr. Gatapia." The trial court granted Dr. Gatapia's motion to dismiss.

In Ms. Mason's and Mr. Albin's motions to dismiss, they claimed the motions should be granted under the same statute because the allegations against them were identical. They argued that section 516.105 applied to the allegations against them because they were employees of a healthcare provider and were providing healthcare services at the time of the event. The trial court granted their motions to dismiss on the same ground: the application of section 516.105. Ms. Spero appeals.

## Standard of Review

Our review of a petition's dismissal is limited to determining whether the "facts as pleaded and any reasonable inferences drawn therefrom state any ground for relief." *Meekins v. St. John's Reg'l Health Ctr., Inc.*, 149 S.W.3d 525, 529 (Mo.App. S.D.2004). We treat factual allegations as true and view them liberally and favorably to the plaintiff. *Breeden v. Hueser*, 273 S.W.3d 1, 6 (Mo.App. W.D.2008). If the plaintiff's recitals show any ground for relief, the dismissal was improper. *Id.*

## Legal Analysis

Ms. Spero argues that the trial court erred in granting the Respondents' motions to dismiss based on section 516.105, the two-year statute of limitations for actions against health care providers, because her claims are "based on a duty owed by [Respondents] directly to [her] and are not related to the health care provided by [Respondents] to [the resident]." Respondents assert that Ms. Spero's claims are health care related because

Ms. Spero's allegations stem from their negligent treatment of the resident.

Section 516.105 states, in relevant part: All actions against physicians, . . . registered or licensed practical nurses, . . . and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of[.]

 "Missouri courts look to the gist or gravamen of an action to decide whether it should be governed by the two-year statute of limitations." *Breeden*, 273 S.W.3d at 7. Section 516.105 has been interpreted to encompass only those actions in which the plaintiff "seeks damages for injuries resulting from some improper, wrongful, or careless acts or omissions on the part of a health care provider in the delivery of health care to the consumer." *Dunagan By and Through Dunagan v. Shalom Geriatric Ctr.*, 967 S.W.2d 285, 288 (Mo.App. W.D.1998) (citing *Rowland v. Skaggs Co., Inc.*, 666 S.W.2d 770, 772 (Mo. banc 1984)). Thus, the action is considered health care related if the claims against the health care providers seek damages resulting "from the acts of a physician in the delivery of health care to the consumer." *See Breeden*, 273 S.W.3d at 8. However, the acts of health care providers that are only incidentally related to the delivery of health care for which a plaintiff seeks damages do not fall within the scope of the statute. *See id.*

In *Robinson*, the plaintiff was injured in a car accident. 58 S.W.3d at 521. The driver had been recently treated at a hospital, and the plaintiff sued the hospital and doctor. *Id.* In the petition, plaintiff alleged that the health care providers were

negligent in failing to warn the driver/patient that she could not drive under the influence of her medication. *Id.* The plaintiff argued that the claim was general negligence, which was not restricted to failure to warn or medical malpractice and did not require the establishment of a patient-physician relationship. *Id.* at 521–22.

Notwithstanding those arguments, the Missouri Supreme Court determined that all of the plaintiff's allegations related "to negligent medical treatment for failing to appropriately inform, assess, monitor, and supervise [the driver/patient] in conjunction with the treatment she [had] received and with her subsequent exodus from the hospital while in a medically created impaired state of mind." *Id.* at 522. It stated that the plain language of section 516.105 required "actions based in negligence brought against the enumerated health care providers in relation to the provision of health care services must be brought within two years from the date of occurrence of the alleged negligent act." *Id.*

In applying section 516.105, the supreme court rejected the non-patient status of the plaintiff and focused on the fact that the gravamen of the claim was "fundamentally for medical malpractice," or a claim "for some improper or negligent act by a healthcare provider while caring for a patient." *Id.* Contrary to the Respondents' contentions, *Robinson* does not mandate the dismissal of Ms. Spero's petition in its entirety.

Here, each Respondent argued in their motions to dismiss that the allegations supporting the claim of negligence as listed in paragraphs 34, 51, and 68 of Ms. Spero's petition were time-barred. Those paragraphs included the following allegations as Respondents' acts of negligence:

a. Making the decision to allow Plaintiff Spero to work and provide care and assistance to [resident] without isolating and restraining [resident];

b. Failing to warn Plaintiff Spero of [resident]'s prior attacks, violent history and dangerous nature;

c. Concealing [resident]'s violent history and dangerous condition;

d. Knowing that since [resident] had previously conducted himself as to indicate danger, that it was probable that Plaintiff Spero could be killed or severely injured by working and caring for [resident] without proper safety and security precautions;

e. Failing to place Mr. Johnson on a secure floor for a violent and dangerous individual, despite having sufficient time to prevent the injury to Plaintiff Spero;

f. Willfully violating Senior Estates' policies and health care regulations by not having [resident] placed on a secure floor dedicated to violent and dangerous individuals; and

g. Willfully violating health care regulations by willfully ordering Plaintiff Spero to engage in acts which Defendant Mason knew posed an increased risk of personal injury or death.

■ Some of Ms. Spero's specific allegations of negligence relate to health care in that they relate to isolating, securing, restraining, or otherwise safeguarding the resident. A nursing home provides custody as a health care service. *See Dunagan,* 967 S.W.2d at 288. *Robinson* states, "Any act or omission related to the care, custody, or treatment of the patient, whether pled as ordinary negligence or negligence relating to malpractice is covered under section 516.105." 58 S.W.3d at 522. Consequently, such allegations are time-barred and cannot serve as the factual bases of the negligence claims.

However, other of Ms. Spero's specific allegations of negligence relate to the Respondents' failure to warn Ms. Spero of the danger of interacting with the resident, and the concealment of the resident's violent history. These allegations are not based on any error or mistake with regard to any health care services rendered to the resident, and are instead based on the provision or withholding of information to a non-patient in the presence of an alleged duty to warn or disclose. Any relationship between these allegations and the provision of health care services is at best incidental. Thus, the two-year statute of limitations in section 516.105 does not bar these remaining allegations.

Because not all of the allegations supporting Ms. Spero's claims of negligence relate to health care, unlike the petition in *Robinson*, the trial court erred in dismissing the petition. Ms. Spero's point is granted.

### Conclusion

Therefore, we reverse and remand to the trial court for further proceedings consistent with this opinion.[2]

MARTIN, P.J., and MITCHELL, J. concur.

---

**2.** The basis for our reversal of the trial court's dismissal of the specific allegations of negligence relating to the failure to warn and the concealment of information from Ms. Spero is expressly limited to the subject matter of the Respondents' motion to dismiss—the statute of limitations. This opinion does not foreclose Respondent's ability to seek dismissal of the surviving allegations of negligence on other grounds.