

# Missouri Court of Appeals

## Southern District

### Division One

BRENDA K. CYRUS, as Personal )
Representative of the Estate of Maxine )
Cyrus, )
)
      Plaintiff-Appellant, )
)
v. ) No. SD34421
)
LAKE REGIONAL HEALTH SYSTEM, ) **Filed: Nov. 10, 2016**
LAKE REGIONAL MEDICAL )
MANAGEMENT, INC., and JAMES J. )
JUNGELS, D.O., )
)
      Defendants-Respondents. )

### APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Stan Moore

**AFFIRMED**

Brenda K. Cyrus ("Plaintiff") appeals the dismissal of her negligence claims against Lake Regional Health System, Lake Regional Medical Management, Inc., and James J. Jungels, D.O. (collectively, "Defendants").[1] Plaintiff, as personal representative of the estate of Maxine Cyrus ("Patient"), filed her petition ("the petition") nearly five

---

[1] Plaintiff named two other unknown parties as defendants, but service on those defendants was later quashed, and they were dismissed from the suit.

1

years after Defendants' allegedly negligent conduct, and the trial court dismissed it based upon an application of the two-year statute of limitations set forth in section 516.105.[2]

Plaintiff's sole point on appeal claims that the acts alleged in the petition are subject to a five-year statute of limitation instead of the two-year limit under section 516.105.[3]  Finding no merit in this argument, we affirm.

## Finality of the Judgment

In every appeal, this court must determine, *sua sponte*, whether a final judgment exists.  ***Ndegwa v. KSSO, LLC***, 371 S.W.3d 798, 801 (Mo. banc 2012).  Here, the trial court dismissed the petition without prejudice.  Ordinarily, such a dismissal would not constitute a final judgment from which an appeal may be taken.  ***Basye v. Fayette R-III Sch. Dist. Bd. of Educ.***, 150 S.W.3d 111, 114 (Mo. App. W.D. 2004).  However, where the dismissal effectively dismisses the cause of action, and not merely the petition, such that any attempt to refile would be a futile act, then the dismissal constitutes a final, appealable judgment.  ***Id.***  Thus, our first task is to determine "whether the dismissal is merely the dismissal of the petition or whether it dismissed the action itself."  ***Id.***

Dismissal of Plaintiff's claims under a two-year statute of limitation effectively bars Plaintiff's claims against Defendants and does not merely challenge the sufficiency of the petition to properly plead those causes of action.  Because any attempt to refile Plaintiff's negligence claims against Defendants would be a futile act, *see **id.***, the dismissal here constitutes a final, appealable judgment, and we will proceed to a review of the merits of Plaintiff's appeal.

---

[2] Unless otherwise indicated, all statutory references are to RSMo Cum. Supp. 2013.

[3] Plaintiff does not specify the source of the five-year statute of limitation she urges, but we assume it to be section 516.120(4), RSMo 2000.

**Standard of Review**

"The proper standard of review for a trial court's grant of a motion to dismiss a petition is *de novo.*" ***In re Estate of Austin***, 389 S.W.3d 168, 171 (Mo. banc 2013). The determination of which statute of limitation applies in a particular case is also a question of law that we review *de novo.* ***D.A.N. Joint Venture, III v. Clark***, 218 S.W.3d 455, 457 (Mo. App. W.D. 2006). "In reviewing the dismissal of a petition, reviewing courts must allow the pleading its broadest intendment, treating all facts alleged as true and construing the petition's allegations favorably to the plaintiff." ***H.R.B. v. J.L.G.***, 913 S.W.2d 92, 96 (Mo. App. E.D. 1995). When an affirmative defense is raised, such as a bar based on the expiration of the applicable statute of limitation, a petition cannot be dismissed unless the face of the petition clearly establishes, without exception, that the petition is time-barred. ***Sheehan v. Sheehan***, 901 S.W.2d 57, 59 (Mo. banc 1995). "When, as in this case, the circuit court does not specify reasons for dismissing a petition, an appellate court presumes that the circuit court's judgment is based on one of the reasons stated in the motion to dismiss." ***Avery Contracting, LLC v. Niehaus***, 492 S.W.3d 159, 162 (Mo. banc 2016).

**Plaintiff's Petition and Defendants' Motion to Dismiss**

Plaintiff filed the petition on July 24, 2015. It alleged, based upon the same set of facts, one count of negligence against each of the Defendants. The petition contained the following averments. Defendants owned, maintained, and operated Lake Regional Clinic ("the Clinic") in Camden County. This ownership included medical equipment inside the Clinic, including examination tables. On or about August 26, 2010, Defendants "provided medical treatment" to Patient at the Clinic. Patient was being treated in one of

3

Defendant's examination rooms when she leaned against an examination table that "unexpectedly slid and/or rolled away from her and caused her to lose her balance and violently fall to the ground." Patient sustained a fractured left hip, left hip pain, left hip swelling, left hip rotation, and severe pain and trauma. Patient was injured due to Defendants' negligent failure to lock the wheels on the examination table or warn Patient that the examination table was not secured. Defendants "knew or should have known that patients commonly lean on, support themselves, or [lie] on examination tables and that an examination table with unlocked wheels would likely move and pose a substantial risk of injury to patients[.]"

Defendants' motion to dismiss the petition argued that Plaintiff's claims were time-barred by the two-year statute of limitation set forth in section 516.105. Defendants calculated that the two-year statute ran on or about August 26, 2012, and the petition was not filed until July 24, 2015. After the trial court sustained Defendants' motion, this appeal timely followed.

**Analysis**

Plaintiff claims the trial court erred in granting Defendants' motion to dismiss because the petition "created a valid cause of action for negligence which was not related to health care and therefore should not be time barred[.]" We disagree. Absent exceptions not applicable here, section 516.105 provides:

> All actions against physicians, hospitals, dentists, registered or licensed practical nurses, optometrists, podiatrists, pharmacists, chiropractors, professional physical therapists, and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for damages for malpractice, *negligence*, error or mistake *related to health care* shall be brought within two years from the date of occurrence of the act of neglect complained of[.]

4

Section 516.105 (emphasis added).

Section 516.105 has been broadly interpreted to apply to all "actions based in negligence brought against the enumerated health care providers in relation to the provision of health care services[.]" ***Robinson v. Health Midwest Dev. Grp.***, 58 S.W.3d 519, 522 (Mo. banc 2001).[4]  As a result, "[a]ny act or omission related to the care, custody, or treatment of the patient, whether pled as ordinary negligence or negligence relating to malpractice" must be filed within two years of the allegedly negligent conduct. ***Id.***  "Actions which, in substance, are fundamentally for medical malpractice because the claim is for some improper or negligent act by a healthcare provider while caring for a patient are subject to section 516.105 regardless of the form of the pleadings." ***Id.*** (quoting ***Brandon v. Southeast Mo. Hosp., Inc.***, 926 S.W.2d 113, 114-15 (Mo. App. E.D. 1996)), *overruled in part on other grounds by* ***Budding v. SSM Healthcare Sys.***, 19 S.W.3d 678, 682 (Mo. banc 2000).  Stated another way, section 516.105 "encompasses only those actions where the consumer of health services seeks damages for injuries resulting from some improper, wrongful, or careless acts or omissions on the part of a health care provider in the delivery of health care to the consumer." ***Dunagan By and Through Dunagan v. Shalom Geriatric Ctr.***, 967 S.W.2d 285, 288 (Mo. App. W.D. 1998).

Not all claims against health care providers, however, are automatically subject to section 516.105. ***Breeden v. Hueser***, 273 S.W.3d 1, 7 (Mo. App. W.D. 2008).  Rather than looking solely to the form of the pleading, we "look to the gist or gravamen of an action to decide whether it should be governed by the two-year statute of limitations."

---

[4] Section 516.105 has been amended twice since the version applied in ***Robinson***.  ***Robinson***'s interpretation remains controlling because those amendments only added or modified exceptions not applicable to this case.

5

*Id.*  Claims against health care providers "that are only incidentally related to the delivery of health care for which a plaintiff seeks damages do not fall within the scope of the statute."  *Spero v. Mason*, 372 S.W.3d 72, 74 (Mo. App. W.D. 2012).

There is no dispute in this case that Plaintiff brings an action for negligence against a physician and entities that provide health care services.[5]  *See* section 516.105.  But Plaintiff argues that the negligent acts that form the basis of this suit are not related to health care because they arose solely from Defendants' role as an owner/operator of the Clinic.  In support, Plaintiff repeatedly asserts that "an unstable examination table causing [Patient] to be inured [sic] was not a provision of health care."  This argument misstates the issue by ignoring the relevant circumstances surrounding Patient's injury.  The proper question is whether Defendants' failure to make the examination table safe for Patient's use or warn her of its condition was a negligent omission that occurred "in relation to the provision of health care services[.]"  *See Robinson*, 58 S.W.3d at 522.  To answer that question, we again turn to the averments in the petition.

The petition averred that Patient was receiving treatment in an exam room operated by Defendants when her examination table gave way, causing injury to the left side of her body.  Plaintiff alleged that Defendants failed to make the examination table reasonably safe for Patient's use or to warn her of its dangerous condition.  Such allegations are subject to section 516.105 because they present a claim against Defendants for a negligent omission by a health care provider while caring for a patient.

---

[5] Plaintiff does not explicitly acknowledge this, but she provides no argument that Defendants are something other than one of the enumerated health care providers or "any other entity providing health care services[.]"  Section 516.105.  Further, the only argument raised in Plaintiff's point relied on is that Defendants' negligent acts were not "related to health care" as contemplated under section 516.105.  We therefore restrict our analysis to this issue.  *See Walton v. City of Seneca*, 420 S.W.3d 640, 648 n.9 (Mo. App. S.D. 2013).

*See id.*; *see also* **Arbuthnot v. DePaul Health Ctr.**, 891 S.W.2d 564, 565 (Mo. App. E.D. 1995) (applying section 516.105 to dismiss a petition claiming the plaintiff was injured alighting from a wheelchair while receiving physical therapy at a health center); **Dunagan**, 967 S.W.2d at 288-89 (holding claims alleging ordinary negligence against a skilled nursing facility due to its failure to prevent the resident from falling were covered by section 516.105 as claims related to health care).

The cases relied on by Plaintiff do not suggest otherwise. In **Mitchell v. McEvoy**, 237 S.W.3d 257 (Mo. App. E.D. 2007), the parties disagreed about whether a registered nurse was providing health care services when she performed laser hair removal on a woman. Reviewing a grant of summary judgment, the Eastern District held that the undisputed material facts were insufficient to demonstrate as a matter of law that the nurse was performing a health care service when the plaintiff was injured. *Id.* at 261. In contrast to that case, Plaintiff's petition states that she was receiving medical treatment at the Clinic at the time of her injury.

Plaintiff also relies on **Stalcup v. Orthotic & Prosthetic Lab, Inc.**, 989 S.W.2d 654 (Mo. App. E.D. 1999). There, the plaintiff suffered severe injuries when his prosthetic leg, which had been fitted by a prosthetics lab, detached and caused him to fall. *Id.* at 656. After the plaintiff filed suit against the prosthetics lab, the court determined that a prosthetics lab was not an enumerated health care provider under section 516.105. *Id.* at 659-60. The lab also did not qualify as "any other entity providing health care services" because it did not "restore soundness of the body or mind," or "affect the presence or likelihood of disease." *Id.* at 660. Unlike **Stalcup**, there is no dispute in this

case that Defendants were enumerated health care providers or entities providing health care services.[6]

The gist of Plaintiff's claim is that a health care provider failed to appropriately safeguard against or inform Patient about the dangerous condition of certain medical equipment while Patient was receiving medical care from that health care provider. Such a claim is subject to the two-year statute of limitation set forth in section 516.105 "because the claim is for . . . [a] negligent act by a healthcare provider while caring for a patient[.]" **Robinson**, 58 S.W.3d at 522 (quoting **Brandon**, 926 S.W.2d at 114-15). "[A]ctions . . . for damages to a patient while under medical care clearly fall within [section] 516.105 regardless of how they are couched." **Arbuthnot**, 891 S.W.2d at 566.

The face of the petition clearly establishes that Plaintiff's causes of action were subject to the two-year statute of limitation found in section 516.105. *See Sheehan*, 901 S.W.2d at 59. Plaintiff waited nearly three years too late to file the petition. The trial court's dismissal of the petition is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, P.J. – CONCURS

MARY W. SHEFFIELD, C.J. – CONCURS

---

[6] Plaintiff also cites **Morrison v. St. Luke's Health Corp.**, 929 S.W.2d 898, 905 (Mo. App. E.D. 1996). **Morrison** determined whether a plaintiff was required to file a medical malpractice affidavit under section 538.225.1 for a particular claim. Because the language used in section 538.225.1 appears to be narrower than the language used in section 516.105, we do not find **Morrison** instructive. *See Spears ex rel. Clendening v. Freeman Health Sys.*, 403 S.W.3d 616, 620 n.5 (Mo. App. S.D. 2012) (noting the difference in the language of the two statutes). Further, unlike this case, the plaintiff in **Morrison** was not injured while receiving medical treatment. To the contrary, while walking down a clinic hallway, she tripped over a briefcase left there by a pharmaceutical sales representative. 929 S.W.2d at 900-01.

8