

# In the Missouri Court of Appeals
# Eastern District

**DIVISION TWO**

| | | |
|---|---|---|
| NANCY PAYNE, | ) | No. ED109560 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | Cause No. 2011-CC00559 |
| | ) | |
| REHABILITATION INSTITUTE OF | ) | |
| ST. LOUIS, LLC, | ) | Honorable Daniel G. Pelikan |
| | ) | |
| Respondent. | ) | Filed: January 25, 2022 |

## OPINION

Nancy Payne (Appellant) appeals the St. Charles circuit court decision granting summary judgment in favor of Rehabilitation Institute of St. Louis, LLC (Respondent) after the court concluded that Appellant filed her medical malpractice claim beyond the time period allowed under the statute of limitations. We affirm.

### Factual and Procedural Background

Respondent is an inpatient rehabilitation hospital located in St. Charles and licensed by the State of Missouri. Respondent was providing inpatient care to Appellant, addressing her extensive medical needs as recommended by her physician following a stroke and surgery. While at the facility, Appellant was confined to a wheelchair, could not walk due to her medical condition and even required the assistance of staff when transported to and from her bed.

Following the surgery, her physician concluded that Appellant had functional impairments in her upper and lower left extremities and decreased safety awareness. Her physician ordered that fall precautions were to be in place for Appellant and further concluded that Appellant required two weeks of intensive inpatient rehabilitation, including physical therapy and 24-hour rehab nursing.

On November 18, 2017, Appellant was unattended and subsequently fell out of her bed, sustaining injuries. In her Petition, she alleges that she received an injury to her head, endured further pain and suffering and, consequently, she incurred additional medical expenses resulting from this incident. Following the fall, Respondent transported Appellant to a hospital emergency room where she received treatment for her injuries; she stayed overnight but she returned to Respondent's facility the following day, November 19. Respondent continued treating Appellant until her discharge on December 8, 2017.

On June 16, 2020, Appellant filed her three count Petition in St. Charles circuit court, alleging Improper Medical Care (Count I), Negligence (Count II) and Negligence Per Se (Count III) as a direct and proximate cause of Respondent's conduct or Respondent's failure to provide the proper safeguards necessary for Appellant.[1] On September 4, Respondent filed its Motion for Summary Judgment, arguing that Appellant's cause of action is related to medical malpractice as defined by § 516.105,[2] which requires bringing suit within two years of the occurrence.

Following a hearing, the trial court granted summary judgment in favor of Respondent, finding there were not any genuine issues of material fact in dispute. Specifically, the court held that Appellant's claim is rooted in a medical malpractice claim requiring she file suit within two years. Conversely, Appellant did not file her cause of action until 30 months later so her claim

[1] Initially, Appellant filed suit against BJC Healthcare ACO, LLC (BJC) as well as Respondent, but she later dismissed her cause of action against BJC after concluding it was not at fault.

[2] All statutory references are to RSMo. 2017 unless otherwise noted.

expired under the statute of limitations, the court concluded. In this appeal, Appellant asks this court to reverse the trial court judgment and remand this matter for further proceedings.

Standard of Review

Our court reviews the trial court's decision to grant summary judgment *de novo*. *Newton v. Mercy Clinic E. Communities*, 596 S.W.3d 625, 628 (Mo. banc 2020), citing *ITT Comm. Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). When pursuing summary judgment, the moving party must both state the legal basis for the motion and demonstrate the lack of a genuine issue of material fact. Rule 74.04(c).[3] When responding, a party may not rely on a mere denial but, instead, must expose specific facts demonstrating that there is a "genuine issue for trial." *Id*. Deciding whether to grant summary judgment is an issue of law. *Ashford Condo., Inc. v. Horner & Shifrin, Inc.*, 328 S.W.3d 714, 717 (Mo. App. E.D. 2010). Specifically, an appellate court reviews the record in the light most favorable to the party against whom judgment was entered. *ITT Comm. Fin. Corp.*, 854 S.W.2d at 376. And the court will uphold summary judgment when the moving party establishes that there is not a genuine factual dispute and enjoys a right to judgment under the law. *Newton*, 596 S.W.3d at 628.

Discussion

In her sole point on appeal, Appellant argues that her claims are for ordinary negligence, unrelated to health care services, thus falling outside the scope of the two-year statute of limitations required under § 516.105. Conversely, Respondent contends that Appellant's cause of action involves conduct consistent with medical malpractice and negligence, alleged acts landing squarely within the purview of the statute and making her claims time barred pursuant to law. We agree and affirm the trial court.

---

[3] All rules referenced are to Missouri Supreme Court Rules (2021).

3

Both the statute and case law specify that medical malpractice actions must be initiated within two years of the occurrence in most circumstances. § 516.105; *Newton,* 596 S.W.3d at 627. More specifically, § 516.105.1 reads:

> All actions against physicians, hospitals, dentists, registered or licensed practical nurses, optometrists, podiatrists, pharmacists, chiropractors, professional physical therapists, mental health professionals licensed under chapter 337, and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of . . .[4]

As always, our interpretation of the statute must begin with considering its plain and ordinary meaning. *See State ex rel. Heart of Am. Council v. McKenzie*, 484 S.W.3d 320, 327 (Mo. banc 2016) (courts must interpret statutes according to their "plain and ordinary meaning"); *Allsberry v. Flynn*, 628 S.W.3d 392, 395 (Mo. banc 2021) (courts interpret "words used in [statutes] according to their plain and ordinary meaning"). Under the statute, the issues before us are whether Respondent was an entity providing "health care services" and whether plaintiff's claims are for damages "related to health care" within the meaning of this section.

Applying the plain, ordinary meaning of the words, Respondent was providing health care services to Appellant and her claim for damages when she fell and sustained injury while in Respondent's care related to those services. Appellant was receiving continual, ongoing attention for her medical needs while in Respondent's care. Her needs were extensive. In fact, she was utilizing Respondent's location to assist her efforts to recover from a stroke following surgery. While at the facility, Appellant was confined to a wheelchair, could not walk and she required

---

[4] The statute identifies three exceptions tolling the statute of limitations but Appellant does not assert her situation applies to any of these exceptions. § 516.105.1(1)-(3). In addition to the three statutory exceptions, the Missouri Supreme Court identified a fourth exception known as "the continuing care exception" arising from common law. *Newton,* 596 S.W.3d 625 at 627, citing *Thatcher v. De Tar*, 173 S.W.2d 760 (Mo. 1943). Likewise, it is inapplicable to Appellant's circumstance.

4

the assistance of staff to transport her to and from her bed. Following the surgery, her physician concluded Appellant had functional impairments in her upper and lower left extremities and decreased safety awareness. Consequently, physician-ordered fall precautions were in place for Appellant at Respondent's facility. Based on Appellant's medical care needs, her physician concluded Appellant required two weeks of intensive inpatient rehabilitation, including physical therapy and 24-hour rehab nursing. These undisputed facts demonstrate both Respondent was providing health care services and Appellant's claims were related to those services so she was obligated to file her negligence claims within a two-year time period as required by statute.

Our conclusion is buttressed by the Missouri Supreme Court's analysis in *Robinson v. Health Midwest Dev. Grp.*, 58 S.W.3d 519, 522 (Mo. banc 2001). *Robinson* provides unequivocal guidance on applying medical malpractice and negligence claims to § 516.105. The court specifies:

> [S]ection 516.105 indicates that actions based in negligence brought against the enumerated health care providers in relation to the provision of health care services must be brought within two years from the date of occurrence of the alleged negligent act. Any act or omission related to the care, custody, or treatment of the patient, whether pled as ordinary negligence or negligence relating to malpractice is covered under section 516.105.

Under the statute and *Robinson*, courts do not rely on the label a plaintiff applies to a claim in the pleadings to decide whether § 516.105 applies. Rather, what matters is whether or not the claim is in fact against a health care provider and related to health care.

Appellant argues that § 516.105 is inapplicable to her negligence claims because Appellant was not receiving medical services at the time she fell, which occurred after staff left her unattended in a bed without an alarm. However, her injury is connected to her medical care. Appellant's medical condition placed her at heightened risk for falling and part of Respondent's health care for Appellant was addressing that specific concern. Respondent was unquestionably

5

an entity providing health care services and Appellant's three count Petition alleges "damages for malpractice, negligence, error or mistake related to health care," which falls within the purview of § 516.105.

Emphasizing that she was unattended at the time of her fall, Appellant asserts her claims are more similar to the circumstances in *Beard v. Pemiscot Mem'l Health Sys.*, No. 1:18-CV-00209-JAR, 2019 WL 8325094 (E.D. Mo. Aug. 12, 2019).[5] In *Beard*, the plaintiff sued the mental health institution where she was receiving services after she slipped and fell in the shower down the hall from her room, sustaining a wrist injury. *Id*. at \*1. Although plaintiff did not initiate her negligence claim until well after the two-year statute of limitations expired under § 516.105, the federal district court ruled that her suit was not time barred because "her presence in the shower was incidental to the mental health care she was receiving." *Id*. at \*3. Since plaintiff sustained her injury as a consequence of allegedly unsafe conditions on public property, and not while receiving health care services, the court concluded that § 516.105 did not apply. *Id*.

*Beard* is distinguishable from the present matter. The *Beard* plaintiff slipped and fell in a shower, forcing a physical injury unrelated to her mental health treatment. Equally distinguishable, she enjoyed the independent mobility to transport herself to the shower down the hall from her room. And this injury was unrelated to the mental health treatment that she was receiving from defendant. In contrast, Appellant was receiving 24-hour care as a consequence of her medical condition. She was recovering from a stroke following surgery. Although it is undisputed that staff was not present at the time of her fall, Appellant was receiving ongoing medical attention for her health needs while in Respondent's care and custody. For this reason

---

[5] While this federal case is not controlling precedent on an issue of Missouri law, it offers another perspective on the statute worthy of discussion.

alone, this court is persuaded that § 516.105 applies to Respondent's cause of action because her allegation involves the "act or omission related to the care, custody or treatment of the patient . . ." *Robinson*, 58 S.W.3d at 522.

Our matter more closely resembles the factual circumstances in *Dunagan v. Shalom Geriatric Center*, 967 S.W.2d 285 (Mo. App. W.D. 1998). Dunagan suffered from Alzheimer's disease and resided at Defendant's nursing home where he fell on five separate occasions, sustaining injury. *Id*. at 287. Dunagan sued defendant, the trial court granted summary judgment on three of the five counts because these medical negligence claims applied to § 516.105 and were filed beyond the two-year statute of limitations. *Id*. at 286-287. On appeal, Dunagan asserted § 516.105 did not apply because his claims involved the nursing home's ordinary neglect by allowing him to fall rather than negligence involving health care treatment. *Id*. at 287. The Western District rejected this argument, ultimately upholding the trial court and ruling Dunagan's claims fell under the purview of the statute. *Id*. at 289. When addressing Dunagan's claim the defendant's negligence was rooted in safety failings rather than medical treatment, the Western District ruled the alleged wrongful conduct was still absorbed by the "delivery of health care to [Dunagan]." *Id*. at 288. Dunagan entered the nursing facility so he could benefit from the 24-hour accommodations that included treatment, care, staff attention and medical supervision for his health needs so his negligence claims involved medical malpractice and excluded ordinary negligence. *Id*. at 288-9.

The *Dunagan* court recognizes the significance of the negligent act occurring while in the Defendant's care and custody, and the Missouri Supreme Court similarly opines that these are defining considerations. *Robinson*, 58 S.W.3d at 522. Like the *Dunagan* plaintiff, Appellant sustained her injuries following a fall and while she was under the 24-hour care and custody of

her health care provider. She was receiving considered and ongoing medical attention at Respondent's facility following her stroke. Her extensive health needs required constant, comprehensive attention provided by a licensed medical provider. Significantly, Appellant alleges damages occurring while she was under the care and custody of Respondent who was providing health care services to address her health care needs. Applying the statute and the most relevant Missouri case law, Appellant's claims are rooted in the provision of health care and medical negligence covered by § 516.105, not ordinary negligence.

Conclusion

We agree Appellant's negligence claims against Respondent fall within the scope of § 516.105 because Respondent was providing health care services. The trial court correctly applied the two-year statute of limitations when entering summary judgment. Affirmed.

_____
Thomas C. Clark, II, Judge

Robert M. Clayton III, P.J., concurs.
Gary M. Gaertner, Jr., J., concurs.